V. Frank **MENDICINO**, as Attorney
General of the State of Wyoming,
Complainant,

v.

Edwin V. **MAGAGNA**, Respondent.

No. D–4.

Supreme Court of Wyoming.

Dec. 5, 1977.

V. Frank Mendicino, Atty. Gen., and Gerald A: Stack, Deputy Atty. Gen., Cheyenne, for complainant.

Michael J. Sullivan, Casper, for respondent.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

ROSE, Justice.

This matter comes here upon the exceptions of Edwin V. Magagna, respondent, to the Report, Findings and Recommendation of the Grievance Committee of the Wyoming State Bar. On June 4, 1975, the Committee notified the respondent that it proposed to institute formal disciplinary proceedings against him on the basis of numerous complaints that he had been dilatory in closing some forty estates over a period of twenty-four years and had, therefore, neglected legal matters entrusted to him, in violation of DR6–101(A)(3), Code of Professional Responsibility.[1] In an informal hearing held in August, 1975, the Committee resolved that formal proceedings should be instituted against respondent and, therefore, a complaint was filed by the Attorney General of the State of Wyoming.

The Complaint set forth two specific charges of misconduct, and included a third charge which referred to thirty-eight probate proceedings which had been started but never completed.[2] A formal hearing was held on the Complaint on June 19, 1976,

1. This section of the Code of Professional Responsibility provides:
   "DR 6–101 Failing to Act Competently.
   "(A) A lawyer shall not:
     * * * * * *
   "(3) Neglect a legal matter entrusted to him."

2. The Complaint set forth the following three counts:
   "*Count 1*
   "On September 23, 1957, a Petition for Probate was filed in the District Court of Sweetwater County, Green River, Wyoming in the matter of the estate of Joseph Julius Abram, wherein said Edwin V. Magagna was the attorney of record. According to the

Complaint filed before the Committee and the information received from the Probate Docket of Sweetwater County, Wyoming, said estate being a small estate with no complications, should have been closed out and final settlement made many years ago. That the Grievance Committee finds that Mr. Edwin V. Magagna, in handling this estate, violated DR6–101(A)(3) in that he was dilatory in closing out said estate, and in fact neglected a legal matter entrusted to him.
   "*Count 2*
   "That on December 13, 1966, a Petition for Probate was filed in the District Court of Sweetwater County, Green River, Wyoming in the matter of the estate of Isabelle Crippa, wherein Edwin V. Magagna was the attorney

and the Committee's Findings and Order was issued on July 6, 1976.[3] This Order recited the Committee's finding that Mr. Magagna had been dilatory with respect to the matters alleged in the Complaint, and the Committee privately reprimanded him. Additionally, the Committee placed Magagna on probationary status for two years with respect to his right to practice law and further ordered that he dispose of all of the aforementioned probate matters within ninety days. While this work was being undertaken, respondent was to make monthly reports of his progress and in the event he failed to dispose of these matters, the Committee indicated that it would recommend to this court that Mr. Magagna be ordered to suspend his practice of law.

Magagna filed the required status reports for August and September, 1976, but they disclosed that he had not yet fully complied with the Committee's July 6 Order. A like report was filed in May, 1977, with the same revelation, namely, that he had not complied with the Committee's Order. On August 17, 1977, the Committee filed a report in this court charging that the respondent had not yet disposed of all of the probate matters; that he had had ample opportunity to do so; and that the failure to do so was not the result of circumstances beyond his control. In its report, the Committee recommends that Mr. Magagna be suspended from the practice of law for a period of not more than five years.

By way of response to the Committee, respondent acknowledged that he had not literally complied with the Committee's July 6 Order, but took the position that he had expended substantial time and effort in an attempt to comply and that much of what he was charged with doing or failing to do had in fact been rectified. Respondent also presented various reasons and excuses for his failure to fully comply, and

of record. According to the information and complaint filed before the Committee, and the information received from the probate docket of Sweetwater County, Wyoming, said estate was subject to a Decree of Final Settlement entered May 23, 1971, but from the information received by the Committee, final settlement has never been made. That the Grievance Committee finds that Mr. Edwin V. Magagna, in handling this estate, violated DR6–101(A)(3) in that he was dilatory in closing out said estate, and in fact neglected a legal matter entrusted to him.

"*Count 3*

"That the Committee has received information from the Clerk of the District Court, Sweetwater County, Wyoming, that starting with April 22, 1949, and extending up and through July 30, 1973, in addition to the estates set forth in the above Counts 1 and 2, the said Edwin V. Magagna has appeared in 38 probate proceedings which have been started by him as attorney of record but which have never been completed, a copy of the same being as Exhibit 'A', attached hereto and made a part hereof.

"That the Committee finds that this again is in violation of DR6–101(A)(3) in that Mr. Edwin V. Magagna is dilatory in closing out these estates, and in fact neglected a legal matter entrusted to him."

3. The Committee found, in pertinent part, as follows:

"1. That on September 23, 1957, a Petition for Probate was filed in the District Court of Sweetwater County, Green River, Wyoming, in the matter of the estate of Joseph Julius Abram, wherein said Edwin V. Magagna was the attorney of record. According to the findings of the Grievance Committee, said matter should have been closed out and final settlement made many years ago. That Edwin V. Magagna in handling this estate, violated DR6–101(A)(3) in that he was dilatory in closing out said estate, and in fact neglected a legal matter entrusted to him.

"2. That on December 13, 1966, a Petition for Probate was filed in the District Court of Sweetwater County, Green River, Wyoming, in the matter of the estate of Isabelle Crippa, wherein Edwin V. Magagna was the attorney of record. That the Grievance Committee determined that said matter was subject to Decree of Final Settlement on May 23, 1971, but final settlement has not been made. That Edwin V. Magagna, in handling this estate, violated DR6–101(A)(3) in that he was dilatory in closing out said estate, and in fact neglected a legal matter entrusted to him.

"3. That the Grievance Committee finds that in Count 3 of the Complaint filed herein, that the said Edwin V. Magagna has been dilatory in closing out all of the estates mentioned therein unless some action has been taken thereon since the matter was first instigated by the Grievance Committee. That said Edwin V. Magagna is in violation of DR6–101(A)(3) and that he was dilatory in closing out these estates, and in fact has neglected a legal matter entrusted to him."

excepted to the Committee's recommendation of suspension.

After an independent review of the record, we have determined that there is substantial, clear, convincing, and satisfactory evidence to sustain the findings of the Committee and that it is in the interest of all concerned that a way be found to complete the unfinished business of Mr. Magagna's clients and that he be disciplined.

The record discloses that, as of the time of argument before this court, there were still eighteen of the original forty probate matters which had not been closed. The remainder had been finally closed or the remaining responsibilities attendant upon these estates had been assumed by other attorneys. The Estate of Joseph Abram, which was the subject of Count 1 of the Complaint, falls within this latter category.

With respect to Count 2 of the Complaint, concerning the Estate of Isabelle Crippa, Mr. Magagna filed a Supplemental Report and Accounting on September 13, 1976, and from this report it would appear that all of the estate assets have been distributed. Nevertheless, due to some undisclosed reason, the estate has not been closed.

Concerning Count 3 of the Complaint, the seventeen estates which are not yet finally disposed of can be categorized as follows:

1. Five estates where the Final Account has been filed, but no Decree of Final Discharge has been entered (Doc. Nos. 4245, 4358, 4465, 4795, and 4812). These estates require only the filing of receipts from the beneficiaries.

2. Two estates are in the final publication stages (Doc. Nos. 3824 and 5431).

3. Three estates are involved in real estate or stock transfer transactions (Doc. Nos. 3763, 4150, and 5908).

4. Two estates remain open due to the beneficiary's desire to determine further assets (Doc. Nos. 3819 and 5362).

5. One estate has not been closed pending the receipt of a state inheritance tax clearance (Doc. No. 4606).

6. One estate is open pending arrangements to pay off creditors (Doc. No. 5593).

7. Three estates remain open without explanation (Doc. Nos. 3958, 5545 and 5557).

The present status of these estates would not be particularly shocking to this court were it not for the fact that most of them have been accumulating dust in the files of the court house as a result of procrastination and dilatory conduct for a period of from six to twenty-eight years. Although the respondent has sought to give an appearance of making an effort in recent years to finally dispose of these important pieces of his clients' business and has, in fact, disposed of approximately twenty-two estates since 1975, we are still unable to sanction or tolerate either his refusal or his inability to finalize his task. It is true, and we want it made clear, that there have been no charges of dishonesty, misrepresentation of fact, or sinister motive brought against the respondent in connection with these estates. We note, also, that there have been no allegations that any client actually suffered a pecuniary loss as a result of the respondent's conduct. For the most part, the assets of these estates have been paid over to the beneficiaries. Nevertheless, we cannot tolerate this kind of negligent disregard of the public's business which has been entrusted to a member of this Bar. A member of the legal profession is never justified in delaying his or his client's business by reason of laziness, procrastination, or a cavalier approach to the client's interests. See, *In re Mayne's Estate*, Wyo., 345 P.2d 790, 795.

It is for all who are members of the legal profession in Wyoming and elsewhere to scrupulously and diligently discharge our obligations to the clients who entrust us with their business. Lawyers and judges everywhere are, themselves, on public trial in this day and age. The entire judicial branch of the government is suspect—our diligence is being questioned—our integrity is at issue—the very system of attorney-client relationship, which has its genesis in trust, is now fraught with public misgiving.

Much of the criticism leveled against judges and lawyers is not justified—but some of it is. The procrastination of one of us results in the condemnation of all and, in this context, we must stand responsible for each other as we discharge our obligation to our clients, the courts, and the public at large.

It is really the sin of procrastination with which Mr. Magagna stands charged and has been found guilty and, while admittedly all of us are plagued with this frailty in varying degrees, his—in his failure to discharge the business of his clients—has reached such proportions so that it must no longer go unpunished.

Under the circumstances of this case, we, therefore, find that discipline is in order.

With only the exception hereafter specifically noted, we hereby order that the respondent be suspended from all activities as a member of the Bar of this state for four (4) years from the date of this opinion, subject, however, to these following provisions:

Mr. Magagna will be permitted to practice law only to the extent necessary to dispose of unfinished probate matters presently in his files, and which are the subject of these proceedings. With respect thereto, respondent is granted an additional four (4) months from the date of this opinion to engage in such practice of law as is requisite to the closing of the subject estates still pending. In the event that Mr. Magagna, for any reason, fails to so discharge these last-mentioned responsibilities within the four months herewith allotted, he will, before the expiration of the four-month period, show cause to this court why the work has not been completed. Failing the discharge of his aforementioned responsibilities, or failing to show good and sufficient cause why the work has not been finished, all as hereinabove provided, the respondent will, within ten days of the expiration of the allotted four-month period, deliver every unclosed probate file which is subject to this action to the District Court Judge in and for the Second Judicial District, who will then oversee the closing of these estates in accordance with his best judgment. It is noted that the respondent has encountered, and may in the future encounter, difficulty in obtaining receipts from beneficiaries. It is suggested that if this occurs, the probate court should give notice to such beneficiaries that the estate will be closed unless said receipts or objections are received within ten (10) days of the receipt of such notice. This procedure would seem consistent with the provisions of § 2–304(c), W.S.1957, 1975 Cum.Supp.

The respondent is charged with fulfilling the obligations mandated herein, commencing with the 5th day of December, 1977, the filing date shown upon the face of this opinion and the records of the Supreme Court of the State of Wyoming.

In the event the respondent has discharged his obligations as directed or, in the alternative, has shown good cause why he has been unable to close the estates in question within the allotted four months, or any extension of time granted by order of this court, he will, in such case, be eligible to file a petition in this court, no sooner than one year from the date hereof, requesting that his four-year suspension from the practice of law be modified.