John R. **BROMLEY** and Jan H. **Gaudina,** Appellants (Defendants below),

**Heritage Trust Company, a corporation, (Defendant below),**

v.

Richard F. **HABERMAN** and Nellie **Haberman,** Appellees (Plaintiffs below).

No. 4903.

Supreme Court of Wyoming.

Aug. 15, 1978.

Richard W. Day, Goppert, Fitzstephens, Day & Olson, Cody, for appellant Bromley; George L. Simonton, Simonton & Simonton, Cody, for appellant Gaudina.

Frederick Butler, Vail, Colo., and Hunter Patrick, Jr., Powell, for appellees.

Before GUTHRIE, C. J., and McCLIN-
TOCK, RAPER, THOMAS and ROSE, JJ.

McCLINTOCK, Justice.

John R. Bromley and Jan H. Gaudina, defendants below, appeal from judgment of the district court of Park County, granting to plaintiffs Richard F. Haberman and Nellie Haberman the amount of $61,106.18, plus interest and costs. The judgment was entered pursuant to motion of the plaintiffs for default judgment after defendants had failed to appear at a deposition to be taken by the plaintiffs of these defendants, notwithstanding that the same district court, through a retired judge, whose designation to hear matters in the district has not been questioned, had entered an order indefinitely continuing the taking of the depositions. Several issues are raised and discussed in the briefs of counsel, but we find it unnecessary to consider any of these except the issue as to the effect of the assigned judge's order. We hold that whether or not error was committed in entering the order, it was entered with jurisdiction of the matter and defendants could not then be in default in failing to appear at the deposition hearing. Entry of default judgment was therefore error.

It appears that the lawsuit from its inception had languished. The plaintiffs attempted discovery at an earlier time but were frustrated. The result of this effort was the entry of a default judgment against all defendants. This judgment was subsequently set aside as to Bromley and Gaudina only on December 14, 1976. Against Heritage Trust Company the judgment stands and no appeal is taken.

After the previous default was set aside, plaintiffs through their counsel on February 1, 1977 gave notice that the depositions of Bromley and Gaudina would be taken in Cody, Wyoming on February 22. On February 17, new counsel filed appearance for Gaudina, Bromley retaining the counsel who until that time had represented both. The defendants, through their respective attorneys, each petitioned the court on February 17 for a continuance of the noticed depositions, alleging hardship and expense, requesting costs in advance, and claiming oral notice to plaintiffs on February 16.

On February 18, an ex parte order was obtained from Judge Harkins, of the Fifth Judicial District, acting in the absence of Judge Dixon, continuing this deposition until a date to be determined, pending a hearing on the merits of the petitions. This order was filed February 22. Defendants did not attend the deposition scheduled, but through counsel on that date presented a copy of Judge Harkins' order to the plaintiff. By order of Judge Dixon, to whom the case was primarily assigned, dated March 28, the hearing on all pending motions was set for May 24. On May 11, plaintiff filed a motion requesting a default judgment for failure to appear at the noticed deposition. Defendants resisted, and in response filed motions for summary judgment.

Judge Dixon, after consideration of oral and written arguments, rendered judgment which was signed and entered September 13. In that judgment he finds that defendants had filed petitions for continuance but that "said petitions and order for continuance were contrary to the Wyoming Rules of Civil Procedure and that the same deprived Plaintiffs of their right to due notice thereof and opportunity to appear at such hearing;" that defendants were dilatory in their defense and "at no time have either of the individual Defendants set forth a meritorious defense to the claims of Plaintiffs' [sic]." It was therefore found proper, under Rule 37(b)(2)(C), W.R.C.P. to grant judgment by default against defendants, with interest and costs.

Initially, we note that no issue of jurisdiction has been raised. Nor has any party questioned the propriety of Judge Harkins' participation. Hence, we shall not inquire into these problems, other than to note that Judge Harkins, when presented with the petition in the absence of Judge Dixon, had authority and power to act thereon. In addition, no party has attacked the correctness of the discovery procedure in any relevant and meaningful way as it would affect the appeal as decided.

We believe it well settled that the courts of general jurisdiction have express and inherent power and authority to regulate the practice of law by parties and counsel through appropriate rules and orders. *People ex rel. Karlin v. Culkin,* 248 N.Y. 465, 162 N.E. 487, 60 A.L.R. 851 (1928); *Mendicino v. Magagna,* Wyo., 572 P.2d 21 (1977). This includes the power and authority to control the course of litigation, *Holm v. State,* Wyo., 404 P.2d 740 (1965), including pretrial discovery, *Tomlinson v. Tomlinson,* 338 Mich. 274, 61 N.W.2d 102 (1953). We believe it beyond doubt that our court and the district courts of this state have this ability, and can grant, as in this case, continuances either on their own motion, or at the request of the participants, where necessary to effectuate justice. *Sheppard v. Wilson,* 47 U.S. (6 How.) 260, 12 L.Ed. 430 (1948); *Hays v. State,* Wyo., 522 P.2d 1004 (1974); *Holly Sugar Corporation v. Perez,* Wyo., 508 P.2d 595 (1973); *Glover v. Berger,* 72 Wyo. 221, 263 P.2d 498 (1953); *Hinton v. Saul,* 37 Wyo. 78, 259 P. 185 (1927).

We also believe it clear that the participants in an action have the right and duty to follow an order issued by a court of general jurisdiction, when that order appears valid and fair on its face, and the party has no reason to believe otherwise. As the Illinois appellate court stated—correctly, we feel—in *Beasley v. Hanrahan,* 29 Ill.App.3d 508, 331 N.E.2d 138, 140–141 (1975):

> " * * * All orders are presumed valid and will stand until corrected on review or set aside by some form of authorized and permissible direct attack. (*United States v. Bishopp* (1961) 286 F.2d 320, cert. denied 366 U.S. 963, 81 S.Ct. 1924, 6 L.Ed.2d 1254; *Fauntleroy v. Lum* (1908) 210 U.S. 230, 28 S.Ct. 641, 52 L.Ed. 1039; *Ex parte Roe* (1914) 234 U.S. 70, 34 S.Ct. 722, 58 L.Ed. 1217.)"

Although we have not found a case identical factually to the one presented here, several are analogous.

In *Fidelity-Phenix Fire Ins. Co. v. Oliver,* 25 Tenn.App. 114, 152 S.W.2d 254 (1941) the Tennessee appellate court set aside a default judgment entered against the appellant, who failed to file the appropriate responsive pleading, because the default was entered before the expiration of a continuance granted by the trial court. The court reiterated the rule that a continuance is to remain effective for the time allotted unless set aside by judicial act, and no default could be taken in the interim. See also *In re Bump's Estate,* 171 Kan. 442, 233 P.2d 478 (1951).

*Town of Portage v. Clifford,* 254 Ind. 443, 260 N.E.2d 566 (1970), although again not involving pretrial discovery, is also relevant. In that case a continuance of a hearing on a motion for summary judgment was granted, apparently ex parte, to the opponents. The court at the request of the proponents of the motion subsequently reset the hearing, heard the action on the merits and granted the summary judgment, all without the presence of or actual notice to counsel for the opponents. The Supreme Court of Indiana, after stating the general rule that the grant of a continuance is in the sound discretion of the court, said (260 N.E.2d at 571):

> " * * * However, once a continuance has been granted, and the moving party led to rely on the order granting the continuance, the continuance may not be set aside if injustice will thereby be done to either party. *Amory v. Reilly* (1857), 9 Ind. 490."

Applying these principles to the case at hand, we feel that once Judge Harkins did in fact grant the continuance until an indefinite time in the future, and where the order was valid and fair on its face, issued by a court with jurisdiction, the parties given the benefit of the continuance were entitled to rely thereon until the order was properly vacated or set aside by subsequent judicial act. They cannot be held prejudiced thereby. To hold any other way on a matter of procedure would be to impose a rule that the parties must act at their peril in the event the order subsequently is held invalid or void.

Since the trial court granted the default judgment on the premise that Bromley and

Gaudina failed to appear without proper cause, we reverse the judgment of the trial court for further proceedings. The other issues raised on appeal need not be considered.[1]

The judgment of the district court is reversed.

1. It appears from the briefs that there may have been a failure of communication between opposing counsel concerning the application for and entry of the order of continuance, so that it might be proper to give redress for · expense of counsel for plaintiff in appearing at the deposition. The question would present facts not before us, so we do not attempt to say on what terms the depositions, if still desirable, should be reset.