**Steven Roy EPPERSON, Appellant
(Defendant),**

v.

**The STATE of Wyoming, Appellee
(Plaintiff).**

No. 5543.

Supreme Court of Wyoming.

Dec. 14, 1981.

Michael H. Schilling, Appellate Counsel, Wyoming Public Defender Program, Laramie, Sylvia Lee Hackl, Asst. Public Defender, and Steven R. Helling, Legal Intern, Cheyenne, for appellant.

Steven F. Freudenthal, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Crim. Div., and Allen C. Johnson, Sr., Asst. Atty. Gen., Cheyenne, for appellee.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

ROONEY, Justice.

The trial court revoked appellant-defendant's probation after a hearing. Appellant presents the following issues on appeal:

1. Does a probationer have a right to court-appointed counsel at a probation-revocation hearing?

2. Was appellant denied his right to effective assistance of counsel at the probation-revocation hearing?

3. Did the district court abuse its discretion in refusing to appoint substitute counsel to represent appellant at the probation-revocation hearing?

We affirm.

In November 1979, appellant pled guilty to the crime of larceny by bailee (§ 6–7–303, W.S.1977). He was then given a sentence of not less than 14 months nor more than 5 years. The sentence was suspended and

appellant was placed on probation. Among the terms of his probation was a requirement that he consult with his probation officer concerning a change of employment or residence and concerning any travel to another state.

In February 1981, appellant's probation officer learned that appellant had been involved in an automobile accident in Rushville, Nebraska. On March 13, 1981, he filed a petition for revocation of probation for the reason that appellant had violated the provisions of the probation agreement and had absconded from probation supervision. A bench warrant was issued and appellant was subsequently arrested in Illinois and brought back to Wyoming.

On May 14, 1981, the district court appointed counsel to represent appellant with reference to the alleged probation revocation. Appellant advised the appointed counsel at the initial conference with him that he was suffering from amnesia and could not recall anything prior to the Nebraska automobile accident and thus would be of little help in preparing a defense. The attorney then undertook an independent investigation in an attempt to develop a defense. The attorney did not consult with appellant again until shortly before the probation-revocation hearing.

At the commencement of the probation-revocation hearing, the court-appointed attorney requested permission to withdraw from the case [1] because of his inability "to prepare a defense in this particular matter based most entirely on Mr. Epperson's [appellant's] amnesia" and counsel's incompatibility with the appellant. Appellant also requested that the attorney be allowed to withdraw and that another attorney be appointed to represent him. The district court refused to appoint substitute counsel and gave appellant the option of proceeding with court-appointed counsel or pro se. Appellant chose to be represented by the court-appointed counsel.

At the conclusion of the hearing the district court found that appellant had violated the conditions of his probation, and the original sentence was reinstated.

## RIGHT TO APPOINTED COUNSEL

We need not address the first issue presented by appellant on appeal inasmuch as the record is clear that appellant *was* represented by counsel during the revocation proceeding. Counsel cross-examined witnesses and presented testimony and argument to the court.

## EFFECTIVE ASSISTANCE OF COUNSEL

■ Appellant's primary contention is that he was denied his right to *effective assistance* of counsel. Specifically, appellant asserts that the court-appointed counsel failed to communicate sufficiently with appellant and failed to adequately investigate and prepare a defense.

We recently stated the standard by which we review claims of ineffective assistance of counsel.

"'* * * The standard which we have established to determine whether or not the assistance of counsel is effective is one of "reasonableness." Is the assistance rendered by counsel that which would reasonably be rendered by a reasonably competent attorney under the facts and circumstances of the case? If it is, it is effective. If it is not, it is ineffective. [Citations.] The burden rests upon appellant to establish the ineffectiveness of counsel's assistance inasmuch as there is a presumption that counsel is competent and that he performed his duty. [Citations.]' " *Hoskovek v. State,* Wyo., 629 P.2d 1366, 1367 (1981), quoted in *Spilman v. State,* Wyo., 633 P.2d 183, 184 (1981).

The court-appointed attorney was faced with defending a man who said that he could not remember any events prior to his automobile accident in Nebraska. The most telling statement of the problem faced by appellant's court-appointed counsel comes from the appellant himself. When asked by

---

1. Rule 13, Uniform Rules for the District Courts of the State of Wyoming, requires the court's permission prior to withdrawal of counsel.

the court whether there was anything he could tell his counsel to help in preparing the case, appellant responded:

"No, I don't know whether or not there would be anything that I could tell him. * * * "

While it is true that appellant's counsel only spoke with appellant twice, appellant has failed to show that this was unreasonable under the circumstances, i.e., appellant could not furnish any pertinent information regardless of the number of interviews. Appellant has also failed to point out any specific avenues of preparation which a reasonably competent counsel would have pursued but which appellant's counsel failed to pursue.

The record shows that appellant's court-appointed counsel undertook an independent investigation when he learned of appellant's "amnesia."[2] It also shows that appellant's counsel competently cross-examined the State's witnesses and examined the appellant when he chose to testify in his own behalf. Finally the record shows that appellant's counsel skillfully argued that appellant be allowed to serve out the remainder of his probation.

We conclude that appellant was furnished assistance "which would reasonably be rendered by a reasonably competent attorney under the facts and circumstances of the case." *Hoskovek v. State*, supra. Appellant has failed to carry his burden of showing otherwise.

## DENIAL OF SUBSTITUTE COUNSEL

"While a trial court has the power in its discretion to appoint substitute counsel, its refusal to do so is not error unless an abuse of discretion is shown. A factual showing of good cause for the appointment of substitute counsel is essential to the demonstration of an abuse of discretion, and *good cause is to be found in incompetence*, commitment to a position or an interest which would conflict with the furnishing of an effective defense to the accused, *or other good reason to conclude that appointed counsel is unable to furnish effective assistance.* [Citations.]" (Emphasis added.) *Irvin v. State*, Wyo., 584 P.2d 1068, 1071 (1978).

■ We have noted that appellant's court-appointed counsel did furnish effective assistance to appellant. There is no indication that counsel was committed to a position or interest which would conflict with representation of appellant. The alleged incompatibility of appellant and counsel was seemingly premised on appellant's refusal to consider alternate defenses as suggested by counsel. This fact did not render counsel's assistance ineffective with respect to the defense chosen by appellant. There is no factual showing in this case which would demonstrate an abuse of the district court's discretion. *State v. McCabe*, 101 Idaho 727, 620 P.2d 300, 302 (1980); *State v. Pepperling*, 177 Mont. 464, 582 P.2d 341, 346 (1978).

Affirmed.

---

**2.** Both appellant's and appellee's briefs state that no investigation was undertaken. However, the record reflects that an investigation was undertaken by counsel although the results of that investigation are not set out.