Lars Erik HONAN, Appellant
(Plaintiff),

v.

June Jensen HONAN, Appellee
(Defendant).

No. 89–267.

Supreme Court of Wyoming.

April 18, 1991.

William R. Fix, Jackson, for appellant.

Kenneth S. Cohen, Jackson, for appellee.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.

## OPINION

MACY, Justice.

Appellant Lars Erik Honan (the husband) appeals from the disposition of his complaint for a divorce from Appellee June Jensen Honan (the wife) and from the district court's order holding him in contempt.

We affirm in part, reverse in part, and remand.

The husband raises the following issues:

1. Did the trial judges act properly in finding the [husband] in contempt, incarcerating [the husband], and then setting bail at $100,000?

2. Have the [husband's] rights of due process of law been violated?

3. Did the trial judge err in not ordering a continuance of the trial date?

The wife responds with the following issues:

ISSUE NO. 1: Is there a final, appealable order with respect to [the husband's] contemptuous conduct and, if not, is [the husband's] appeal on this issue premature?

ISSUE NO. 2: Should [the husband's] appeal be summarily dismissed pursuant to the bad faith/flagrant abuse rule announced in *Connors v. Connors?*

ISSUE NO. 3: Should [the husband's] appeal be dismissed for failure to file a statement of the issues as required by W.R.A.P. Rule 4.02?

ISSUE NO. 4: Did the district court treat [the husband's] conduct as a civil contempt or a criminal contempt and, in either event, did the district court act appropriately?

ISSUE NO. 5: Did the district court err in not granting a continuance of the trial date?

The record of this case comprises a plethora of motions, orders, and hearings. An extrication of relevant facts from that quagmire reveals that on January 24, 1989, the husband filed a complaint, seeking a divorce from the wife. The wife answered the complaint, counterclaimed for a divorce, and filed a motion for temporary alimony, temporary child support, and attorney's fees. In response, the district court held a motion hearing and granted the wife's motion. The husband did not attend the hearing and failed to comply with the temporary alimony and support order. To enforce the order, the wife filed a motion requesting that the husband be required to show cause why he should not be held in contempt. In response to the motion, the district court issued an order requiring that the husband appear in person and show why he should not be held in contempt. On the day of the hearing, the husband's attorney appeared, but, once again, the husband failed to appear. The district court held the husband in contempt for his failure to appear and for his failure to comply with the temporary support order. The district court also directed the issuance of a bench warrant for the husband's arrest and set August 22, 1989, as the date for a trial on the merits of the divorce. The husband did not attend the trial, and his attorney asked for the district court's permission to withdraw from being the husband's counsel. The district court granted the attorney's request and proceeded to conduct a trial in the absence of the husband.

On September 15, 1989, the husband was arrested pursuant to the bench warrant. Three days later, the district court held a bail hearing and orally set the husband's bail at $100,000. In the written bail order, the district court reduced the bail amount to $68,000 and conditioned the husband's release from jail upon his payment of the $12,000 arrearage which had accrued since the district court entered the temporary support order. In its order, the district court stated:

The Clerk of the District Court shall immediately pay the sum of $12,000.00 to [the wife], and she shall deposit the remaining $68[,]000.00 in an interest bearing account. It is the intention of the Court that this latter sum shall be subject to execution, attachment, or other similar or additional remedy available to [the wife] to enforce the terms of the Divorce Decree to be entered in this action, it being understood by all concerned that, if [the husband] fails to respond as previously ordered at the trial of this action, or fails to appear as ordered below, then the cash bail bond plus accrued interest in the account opened by the Clerk of the District Court shall be delivered to [the wife] in partial satisfaction of the property division awarded to her in the Divorce Decree.

Upon the deposit of $80,000 on September 21, 1989, Appellant signed a bail bond and order to secure his discharge from jail. The record, at the time bail was posted, does not indicate that anyone other than Appellant furnished the $80,000.

On October 16, 1989, a divorce decree was filed. The decree was not finalized, however, because it stated that the issue of the division of the husband's retirement and investment funds with Eastern Airlines would be resolved in a subsequent qualified domestic relations order. The qualified domestic relations order was filed a week later, and it stated that it incorporated the divorce decree and that it was a final order.

The husband filed an appeal from the qualified domestic relations order. After he filed the notice of appeal, both parties filed additional motions with the district court. Consequently, this Court issued an order of remand directing the district court to dispose of all pending matters. The district court ruled on the motions, and the appeal proceeded.

■ The husband contends that the district court violated his due process rights when it held him in contempt and retained his bail for the benefit of the wife. We have recognized that courts of general jurisdiction have the inherent power to punish

for contempt. *Connors v. Connors,* 769 P.2d 336 (Wyo.1989); *Bi–Rite Package, Inc. v. District Court of Ninth Judicial District of Fremont County,* 735 P.2d 709 (Wyo.1987); *Horn v. District Court, Ninth Judicial District,* 647 P.2d 1368 (Wyo. 1982). Absent an abuse of discretion, we will not overturn a lower court's contempt citation. *Horn,* 647 P.2d 1368.

Contempt orders are usually classified as criminal or civil in nature. Criminal contempt is a punitive punishment used by a court to punish a contemnor for disobedience and to vindicate the court's authority. *United Mine Workers of America, Local 1972 v. Decker Coal Company,* 774 P.2d 1274 (Wyo.1989). If a court imposes criminal contempt, it must comply with the due process requirements of W.R. Cr.P. 41. Civil contempt is a remedial punishment used to coerce the contemnor into performing an affirmative act. *United Mine Workers of America, Local 1972,* 774 P.2d 1274. Wyo.Stat. § 20–2–112(a) (Supp. 1990) provides:

> (a) In a proceeding for divorce, the court may cause the attendance of either party and compel an answer under oath concerning his property, rights or interests, or money that he may have or money due or to become due to him from others, and make such order thereon as is just and equitable. *To enforce its orders concerning alimony, temporary, or permanent, or property or pecuniary interests, the court may require security for obedience thereto, or may enforce the orders by attachment, commitment, injunction or by other means.*

(Emphasis added.)

The record indicates that the district court's contempt order was civil in nature. The husband had failed to attend at least three hearings and to pay temporary support, temporary alimony, and attorney's fees as ordered by the district court. By issuing the bench warrant and holding him in contempt, the district court was simply trying to force the husband into complying with its orders. Once the husband was incarcerated, the district court gave him the opportunity to purge a portion of his contempt by conditioning his release upon payment of the arrearage from the temporary support order. The district court used the $68,000 bail to ensure that the husband would appear at subsequent hearings and to ensure that he would continue to comply with the district court's orders. Given the husband's history of ignoring the district court's directives, the district court's inherent contempt power, and § 20–2–112(a), the district court's actions concerning the husband's contempt were judicious. The orders which the district court entered in this instance were intended to enforce its earlier orders relating to alimony and support and to ensure Appellant's future appearance. The statutory authority is broad enough to justify the arrest, the commitment, the conditional release, and the sequestration of the funds posted as bond. We hold that, under the circumstances of this case, the district court did not abuse its discretion, and we find no error in the district court's treatment of the requirement for a bail bond and its use of that money.

The husband also argues that the district court abused its discretion when it failed to order a continuance for the trial date. In its order holding the husband in contempt, the district court stated that a trial on the merits of the divorce would begin on August 22, 1989. The husband did not seek to change the trial date by asking the district court for a continuance. Instead, he called the judge's administrative assistant and told her that he would not be able to attend the trial. On August 22, 1989, the wife, her attorney, and the husband's attorney appeared for the proceedings. The husband failed to attend, however, and his attorney asked the district court for permission to withdraw from being the husband's attorney. The district court granted the motion to withdraw and proceeded with the trial.

The district court has the authority to control the course of a litigation. That power includes the discretion to grant continuances, either upon its own motion or upon a motion by one of the parties, and to

grant an attorney's request to withdraw. *Bromley v. Haberman*, 583 P.2d 703 (Wyo. 1978); Wyo.Stat. § 1-9-102 (1988); Rules 102 and 201 of the Uniform Rules for the District Courts of the State of Wyoming. The district court must exercise its discretion in a way which promotes justice. *See Bromley*, 583 P.2d 703.

In this case, the husband suffered an injustice when the district court, in the husband's absence, allowed the attorney to withdraw because no one was present to represent the husband's interests. Those interests included an opportunity to challenge the contempt order and to make a formal request for a continuance. Thus, we hold that the district court abused its discretion when it permitted the husband's attorney to withdraw and then immediately proceeded with the trial in the absence of the husband. The husband is entitled to have a new trial after being given reasonable notice of the trial setting so that he may appear and defend through his attorney or pro se.

 In response to the husband's brief, the wife argues that the district court's order holding the husband in contempt is not a final appealable order and that, therefore, we should dismiss the husband's appeal.[1] We disagree. The husband's primary complaint pertains to the district court's bail order. The outcome of the trial determined whether the district court needed the husband's bail money to enforce his compliance with the divorce decree. If the husband had been represented at the trial, either by himself or by an attorney, the outcome could have been such that the district court's use of the husband's bail money would have been unnecessary. Hence, the issues emanating from the contempt order are inextricably intertwined with the issues arising from the trial and subject to our review at this time.

The wife also argues that we should follow *Connors* and dismiss the husband's

appeal because he acted in bad faith. In *Connors*, 769 P.2d at 342-43, we stated:

[W]e will follow a bright line rule that where one who is charged with contempt makes no meaningful good faith effort to comply with the order, the violation of which resulted in the contempt order in the first place, such contemnor likely will be subjected to summary appeal dismissal. This rule will be applied to cases, as here, exhibiting bad faith on the part of the contemnor in ignoring the authority of the court while he attempts to appeal.

We recognize that the husband has not been entirely forthright with the district court, and we admonish him to follow district court's orders. Because of the flaw in the trial on the merits of the divorce, however, we decline to dismiss the husband's appeal.

 Finally, the wife contends that we should dismiss the husband's appeal because he did not file a statement of the issues as is required by W.R.A.P. 4.02. That rule states in pertinent part:

The appellant shall, within ten (10) days after filing the notice of appeal, file and serve on the appellee a description of the parts of the transcript which he intends to include in the record, and, *unless the entire transcript is to be included*, a statement of the issues he intends to present on the appeal.

(Emphasis added.) The husband satisfied the requirements of W.R.A.P. 4.02 by designating the entire record as the record on appeal.

Affirmed in part, reversed in part, and remanded in accordance with this opinion.

URBIGKIT, C.J., dissented without opinion.

---

1. W.R.A.P. 1.05 provides:
   A final order is: (1) an order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment; (2) an order affecting a substantial right, made in a special proceeding, or upon a summary application in an action, after judg-ment; (3) an order, including a conditional order, granting a new trial on the grounds stated in Rule 59(a)(4) and (5), W.R.C.P.; if an appeal is taken from such an order, the judgment shall remain final and in effect for the purposes of appeal by another party.