2003 WY 137

**Ronald Howard BYRD, Appellant (Defendant),**

v.

**Linda Lee MAHAFFEY, f/k/a Linda Lee Byrd, Appellee (Plaintiff).**

No. 02–261.

Supreme Court of Wyoming.

Oct. 29, 2003.

Representing Appellant: Mike Cornia, Evanston, WY.

Representing Appellee: Stan Decker Cannon of Greenhalgh, Beckwith, Lemich, Stith & Cannon, P.C., Rock Springs, WY.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

LEHMAN, Justice.

[¶1]  Ronald Howard Byrd appeals the district court's decision allowing his counsel of record to withdraw from representing him prior to trial.  Byrd also contests the district court's subsequent refusal to grant him a continuance of the trial date.  Upon review, we affirm.

## ISSUES

[¶2]  Byrd sets forth the following issues on appeal:

I.  Did the trial court commit reversible error when it allowed appellant's counsel to withdraw eight (8) business days before trial?

II.  Did the trial court's denial of appellant's motion for continuance to obtain new counsel after the court had allowed counsel to withdraw shortly before trial require reversal?

Appellee Linda Lee Mahaffey, formerly known as Linda Lee Byrd, phrases the issues as:

1.  Whether Appellant is estopped from raising issues on appeal that were not preserved in the district court by proper objection or exception.

2.  Whether the district court committed reversible error in granting the motion for Appellant's counsel to withdraw.

3.  Whether the district court committed reversible error in denying Appellant's motion for a continuance.

4.  Whether Appellee's substitute Statement of the Evidence, which was adopted by the district court, was timely filed.

## FACTS[1]

[¶3]  A Complaint for Divorce was filed by Mahaffey on May 2, 2001, with Byrd answering the complaint on June 4, 2001.  On June 25, 2001, the district court scheduled

---

1.  No transcript was made of any proceedings including the trial and motions hearings.  Therefore, the statement of facts herein is based on the court record.

trial for November 27, 2001. This date was vacated by order of the district court based on a joint motion filed by the parties due to the death of Byrd's father. On January 7, 2002, the district court rescheduled the trial date for May 16, 2002.

[¶ 4] On April 26, 2002, counsel for Byrd filed a motion to withdraw. A hearing on this motion was scheduled for May 3, 2002. Byrd, however, did not appear. Ultimately, the district court granted the motion to withdraw. On May 14, 2002, Byrd filed a motion to continue trial. The motion was denied, and trial commenced on May 16, 2002, culminating with the district court granting the divorce and dividing the subject marital property. This appeal followed.

### STANDARD OF REVIEW

[¶ 5] In *Honan v. Honan*, 809 P.2d 783, 786–87 (Wyo.1991), we recognized:

The district court has the authority to control the course of a litigation. That power includes the discretion to **grant continuances,** either upon its own motion or upon a motion by one of the parties, and to **grant an attorney's request to withdraw.** *Bromley v. Haberman*, 583 P.2d 703 (Wyo. 1978); Wyo.Stat. § 1–9–102 (1988); Rules 102 and 201 of the Uniform Rules for the District Courts of the State of Wyoming. The district court must exercise its discretion in a way which promotes justice. See *Bromley*, 583 P.2d 703.

(Emphasis added.) We have further indicated that issues concerning the withdrawal of counsel and continuances are matters that are left to the sound discretion of the trial court and will not be upset on appeal absent a demonstrated abuse of discretion. *Bacon v. Carey Co.*, 669 P.2d 533, 534 (Wyo.1983). An abuse of discretion is found only when a court acts in a manner which exceeds the bounds of reason under the circumstances. The ultimate issue is whether the trial court could reasonably conclude as it did. The decision of the trial court will not be reversed absent proof of such abuse. *Jensen v. Fremont Motors Cody, Inc.*, 2002 WY 173, ¶¶ 13–14, 58 P.3d 322, ¶¶ 13–14 (Wyo.2002).

[¶ 6] We have also stated:

In criminal cases, the withdrawal of counsel, particularly on the eve of trial, may implicate due-process considerations and defendant's right to effective assistance of counsel. *Epperson v. State*, Wyo., 637 P.2d 671 (1981); *Adger. v. State*, Wyo., 584 P.2d 1056 (1978). However, in civil cases, withdrawal of counsel does not always provide grounds for the granting of a continuance. *Annot.*, 48 A.L.R.2d 1155, 1157.

" 'The withdrawal, on the eve of trial, of the attorney for one of the parties to an action, leaving such party unprepared for trial, is not ipso facto a ground for continuance....' " *Benson v. Benson*, 66 Nev. 94, 204 P.2d 316, 318 (1949).

Particularly relevant to the matters with which we are concerned in this appeal is this court's holding

"... that the trial court may deny a continuance if the problem which gives rise to the request for a continuance is the fault of the party moving for the continuance." *Craver v. Craver, supra,* 601 P.2d at 1000.

*Bacon*, 669 P.2d at 535.

[¶ 7] This court has further clarified:

The trial court has broad discretion in granting or denying of a motion for continuance; and, absent a manifest abuse of discretion, the reviewing court will not disturb such ruling. *Craver v. Craver*, Wyo., 601 P.2d 999 (1979); *Holly Sugar Corp. v. Perez*, Wyo., 508 P.2d 595 (1973). To find an abuse of discretion, the refusal must be so arbitrary as to deny appellant due process, and the burden rests upon appellant to prove actual prejudice and a violation of his rights. *Bacon v. Carey Co.*, Wyo., 669 P.2d 533; *State v. Spurlock*, 161 Mont. 388, 506 P.2d 842 (1973).

On review we look at the peculiar circumstances of the case and the reasons presented to the trial judge at the time of the request. *Ungar v. Sarafite*, 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921, reh. denied 377 U.S. 925, 84 S.Ct. 1218, 12 L.Ed.2d 217 (1964).

*Cates v. Eddy*, 669 P.2d 912, 915–16 (Wyo. 1983).

[¶ 8] Finally, this court has declared:

Withdrawal of an attorney or his discharge in a civil case does not give a party an absolute right to a continuance. *Grunewald v. Missouri Pacific Railroad Co.,* 331 F.2d 983 (8th Cir.1964). Even though the denial of the continuance may have seriously inconvenienced appellant, the situation was due to his own making and that is a factor to be considered.

Many jurisdictions weigh the appellant's right to counsel against the prompt administration of justice. *Annot.,* 73 A.L.R.3d 725. The trial court is better able to judge the matter, is more conversant with local conditions, status of the docket, and the capacity and disposition of counsel. It is more familiar with the background and general setting of the situation, which is frequently not embalmed in the formal record. Absent a clear abuse of judicial discretion, this court will not interfere. *State v. Hathaway,* 224 Iowa 478, 276 N.W. 207 (1937); see, *Randolph v. Hays,* Wyo., 665 P.2d 500 (1983).

*Id.* at 916.

### *DISCUSSION*

#### *Appealable Issues*

■ [¶ 9] Initially, Mahaffey contests that Byrd failed to raise to the district court the issues now presented because Byrd did not object to the district court's rulings. Thus, Mahaffey contends that Byrd is precluded from bringing these issues up on appeal.

[¶ 10] We have often expressed that issues raised for the first time on appeal generally will not be considered by this court unless they are jurisdictional or issues of such a fundamental nature that they must be considered. *Joyner v. State,* 2002 WY 174, ¶ 13, 58 P.3d 331, ¶ 13 (Wyo.2002); *Robinson v. Pacificorp,* 10 P.3d 1133, 1136 (Wyo.2000); *WW Enterprises, Inc. v. City of Cheyenne,* 956 P.2d 353, 356 (Wyo.1998). We have also made it clear that it is appropriate for us to address issues that are bound to emerge again if left unresolved. *Joyner,* at ¶ 13; *Rocky Mountain Oil & Gas Ass'n v. State,* 645 P.2d 1163, 1167 (Wyo.1982); *McGuire v. McGuire,* 608 P.2d 1278, 1286 (Wyo.1980).

[¶ 11] We find that it is important for this court to address the issues raised by Byrd on appeal 1) because they are fundamental in nature inasmuch as they concern specific due process questions, and 2) they are issues that continue to arise following the modification of Uniform Rules for District Courts of the State of Wyoming (U.R.D.C.), Rule 102(c) in 1993. Therefore, recognizing that special circumstances exist, we choose to attend to the issues brought before this court on appeal, as most recently dictated in *Joyner,* at ¶ 13.

### *Withdrawal of Counsel*

■ [¶ 12] In his first issue on appeal, Byrd complains that the district court committed reversible error when it allowed his counsel to withdraw eight business days before trial. Specifically, Byrd argues that the district court erred because no "extraordinary circumstances" existed to allow withdrawal of counsel pursuant to U.R.D.C. 102(c). In addition, Byrd asserts that the case of *Carlson v. Carlson,* 836 P.2d 297, 302 (Wyo.1992) discloses this court's directive that the "better practice" is to require that counsel not be allowed to withdraw unless other counsel has made a written entry of appearance except in extraordinary circumstances.

[¶ 13] Uniform Rule for District Courts 102, in pertinent part, provides the following:

(a)(1) An attorney appears in a case:

(A) By attending any proceeding as counsel for any party;

(B) By permitting the attorney's name to appear on any pleadings or motions, except that an attorney who assisted in the preparation of a pleading and whose name appears on the pleading as having done so shall not be deemed to have entered an appearance in the matter; or

(C) By a written appearance. Except in a criminal case, a written entry of appearance may be limited, by its terms, to a particular proceeding or matter.

(2) Except as otherwise limited by a written entry of appearance, an appear-

ing attorney shall be considered as representing the party or parties for whom the attorney appears for all purposes.

. . .

(c) Counsel will not be permitted to withdraw from a case except upon court order. *Except in the case of extraordinary circumstances, the court shall condition withdrawal of counsel upon the substitution of other counsel by written appearance.* In the alternative, the court shall allow withdrawal upon a statement submitted by the client acknowledging the withdrawal of counsel for the client, and stating a desire to proceed pro se. An attorney who has entered a limited appearance shall be deemed to have withdrawn when the attorney has fulfilled the duties of the limited entry of appearance.

(Emphasis added.) In *Carlson,* at 302, this court stated:

We review the record to determine whether the district court abused its discretion in refusing to set aside the default judgment entered against appellant. On January 31, 1991, the district court granted Mrs. Carlson's motion for a new trial on the first phase of the litigation between these parties. The notice of setting for the new trial was filed on March 13, 1991. Very shortly thereafter, on March 25, 1991, a consent to withdrawal of counsel which Carl had signed was filed with the district court. The district judge sent Carl a letter on March 25, 1991, which informed him that he should seek new counsel "as soon as possible" because "[t]his case has been lingering in court since 1986 and I intend to keep May 14, 1991, as the trial date."

The order permitting Carl's counsel to withdraw was filed on April 1, 1991, just a little over a month before the scheduled trial. The district court entered its order before replacement counsel had entered an appearance which is not a favored practice. Rule 102(c) of the Uniform Rules for the District Courts of the State of Wyoming provides "[c]ounsel will not be permitted to withdraw from a case except upon court order." In contrast, Rule 19.02 of the Wyoming Rules of Appellate Procedure provides "[n]o attorney or firm who has appeared in a cause on appeal may withdraw from it without written consent of the court filed with the clerk. Such consent may be conditioned upon substitution of other counsel." *The Uniform District Court Rules do not require that substitute counsel be obtained before the court allows withdrawal of an attorney. However, a better practice, and one that will avoid the difficulties here presented, would be to condition withdrawal on substitution of new counsel. This practice would avoid the waste of time and resources that may occur in a case such as this. Nevertheless, the order permitting withdrawal of appellant's attorney was permissible under the rules for district courts.*

(Emphasis added.)

[¶ 14] Upon our review of *Carlson,* we acknowledge our recognition of "a better practice" and continue to support the proffered suggestion noted therein. However, we further recognize such suggestion is not mandatory, particularly when it is noted that our opinion in *Carlson* 1) was published prior to the 1993 enactment of the pertinent modified provisions of U.R.D.C. 102(c), and 2) acknowledges the clear applicability of that rule and the specific language utilized within the rule. As provided by the modified rule and our statements in *Carlson,* the district court merely had to condition withdrawal of counsel upon the substitution of other counsel by written appearance *unless extraordinary circumstances existed.* Thus, we must review this action to determine if "extraordinary circumstances" existed whereby the district court could allow the withdrawal of counsel without the condition of a written substitution of other counsel.

[¶ 15] Counsel for Byrd conditioned his request for withdrawal on specific facts. These facts included Byrd's refusal to keep appointments and return telephone messages after Byrd had authorized his counsel to enter into an agreement. In addition, Byrd declined to execute through his counsel the deed that was subject to the earlier agreement, and such deed was only eventually executed by Byrd through the efforts of Ma-

haffey. As such, with counsel recognizing that trial was set in the matter for May 16, 2002, counsel concluded that, given Byrd's unwillingness to communicate with him and Byrd's direct dealings with Mahaffey, counsel could not appropriately prepare for trial and protect Byrd's interests.

[¶ 16] Further, although no transcripts were made of the proceedings in this case, the record does reflect that Byrd failed to reasonably cooperate and obstructed the orderly progression of this case, which placed his counsel in a very difficult position. Indeed, although the district court entered an order for temporary spousal support, Byrd refused to make payments to Mahaffey as required under that order. Byrd did not cooperate with discovery requests, requiring a motion to compel to be filed by Mahaffey and forcing Mahaffey to attempt to obtain some of the requested documentation through a third party. After the district court entered a stipulated order to execute a quitclaim deed concerning the primary marital real estate property resolving the temporary spousal support issues, Byrd delayed execution of the deed. Therefore, it becomes apparent that Byrd, by his own actions, contributed to his counsel's request to withdraw.

[¶ 17] Mahaffey also accurately points out that counsel for Byrd may have been somewhat restrained by Wyoming Rule of Professional Conduct 1.16 from fully expressing to the district court each of the actual reasons for counsel's requested withdrawal. Under that rule, while an attorney must obtain a court order allowing withdrawal after appearing in an action and support such request with an adequate basis, counsel must also be careful to keep confidential certain facts and not disclose facts that might prejudice the court against his client. Thus, an artful balance between confidentiality and providing an adequate basis for withdrawal must be obtained by counsel requesting to withdraw. A lawyer's general statements that professional considerations require termination of the representation ordinarily should be accepted by the court as sufficient.

*See* Wyoming Rule of Professional Conduct 1.16, cmt. 3.

[¶ 18] Additionally, this matter was initiated on May 2, 2001. On June 25, 2001, trial was initially scheduled for November 27, 2001. This date was then vacated by order based on a joint motion filed by the parties due to the death of Byrd's father. On January 7, 2002, the district court rescheduled the trial date for May 16, 2002. Hence, this matter had been pending for over one year in the district court at the time that trial was actually held.

[¶ 19] Under these facts, we cannot conclude that the situation did not constitute "extraordinary circumstances" as required under U.R.D.C. 102(c). Accordingly, we hold that the district court did not abuse its discretion in allowing Byrd's counsel to withdraw. As noted above, many jurisdictions including Wyoming consider the actions of the appellant, whether these actions contributed to the situation at hand, and weigh the appellant's right to counsel against the prompt administration of justice. It is also recognized that the trial court is better able to judge the matter, is more conversant with local conditions, the status of the docket, and the capacity and disposition of counsel, and is more familiar with the background and general setting of the situation, which is frequently not embalmed in the formal record. *Cates v. Eddy,* 669 P.2d at 915–16. Therefore, we grant the district court these same presumptions in this case.

[¶ 20] Additionally, Byrd complains that the district court order allowing his counsel to withdraw is based solely on expressions by the district court that "good cause" existed for entry of the order, which is different than the requisite finding of "extraordinary circumstances" called for by U.R.D.C. 102(c). Byrd also criticizes the district court for not particularly identifying its findings of fact and reasoning supporting its ruling allowing the withdrawal of Byrd's counsel.[2] Nevertheless, we find upon review of the record, that the district court could have reasonably concluded that extraordinary circumstances

---

**2.** Certainly, the enumeration of the specific findings of fact, reasoning, and conclusions of law made by a district court in support of its ruling is most welcome and sometimes even critical in this court's appellate review.

existed to allow the requested withdrawal by Byrd's counsel.

[¶ 21] Byrd also infers that based upon his interpretation of our opinion in *JAG v. State, Dep't of Family Servs.*, 2002 WY 158, ¶ 18, 56 P.3d 1016, ¶ 18 (Wyo.2002), it is incumbent upon the district court to ensure that the hearing on the motion to withdraw as counsel was reported. However, while a transcript of the proceedings may have proved helpful to this court in making its review, such a burden should not be placed upon the district court. Certainly, given the fact that Byrd believed he was prejudiced by the ruling allowing his counsel to withdraw, he could have arranged to bring such issues again before the district court for review having such proceedings recorded. Yet, Byrd failed to take such actions.

[¶ 22] Finally, Byrd argues that the reasoning utilized by this court in *Honan*, 809 P.2d at 787, must be applied in this case. In *Honan*, a wife filed for divorce and requested a hearing to determine temporary support and alimony. The husband failed to appear at the hearing and later failed to abide by the court's rulings made at the hearing. At a later contempt proceeding, the husband's counsel was present, but the husband again failed to personally appear, leading to the issuance of a bench warrant. The husband also did not appear at the time of the scheduled trial and, when his counsel requested to withdraw, the court granted that request. The court then proceeded with trial in the absence of the husband. This court reversed the resultant judgment stating:

> In this case, the husband suffered an injustice when the district court, in the husband's absence, allowed the attorney to withdraw because no one was present to represent the husband's interests. Those interests included an opportunity to challenge the contempt order and to make a formal request for a continuance. Thus, we hold that the district court abused its discretion when it permitted the husband's attorney to withdraw and then immediately proceeded with the trial in the absence of the husband. The husband is entitled to have a new trial after being given reasonable notice of the trial setting so that he

may appear and defend through his attorney or pro se.

*Honan,* at 787.

[¶ 23] The circumstances in this case are much different than those that existed in *Honan;* we, therefore, do not find the holding in that case to be dispositive. Here, Byrd was present to represent his own interests at trial and made a motion for continuance before the district court. Byrd was extended notice concerning his counsel's motion to withdraw. The withdrawal hearing was held days before the actual trial date, and Byrd was provided notice of the pending trial date many months in advance. Further, although the record before this court is limited, it does indicate that Byrd knew of his counsel's withdrawal prior to the trial date because he filed a motion for a continuance and appeared at trial with his file that he had obtained from his withdrawn counsel. Byrd was also allowed to participate in the trial representing his own interests after the district court denied his motion for continuance.

### Denial of Continuance

[¶ 24] In his final issue on appeal, Byrd contends that the district court abused its discretion when it refused to grant his motion for continuance. Again, we do not agree. Byrd filed his pro se motion for continuance on or about May 14, 2002, approximately two days prior to the scheduled trial date. That motion stated that it was "based on the reason that the defendant has an appointment with Elizabeth Greenwood, new legal council [sic]." According to Byrd's own statement of the evidence filed with the district court, Byrd clarified at hearing that the reason for the continuance was not a conflict in the meeting with Ms. Greenwood and the trial. Rather, the continuance was requested because Byrd wished to pursue the *possibility* of hiring her to represent him in the matter. Therefore, it appears that Byrd misrepresented in his motion that Ms. Greenwood had already been retained. In addition, Byrd indicated that his motion was filed jointly by both parties when this was not the case. Also, as indicated previously, this matter had been pending for over one year in the district court at the time that

trial was actually held. Byrd had been allowed at least five months prior notice of the date of trial before it actually commenced and was previously granted a continuance of the initial trial date based on a joint motion filed by the parties.

[¶ 25] Finally, Byrd argues that he is not to blame for his counsel's late withdrawal and, therefore, such occurrence should not be held against him. However, as recognized above, Byrd failed to keep appointments and return telephone messages left for Byrd by his counsel. In addition, Byrd delayed the execution of a deed which was part of an agreement reached through the efforts of counsel. Byrd further obstructed the orderly progression of this case. While the district court entered an order for temporary spousal support, Byrd did not make payments to Mahaffey as required. Byrd further did not cooperate with discovery requests requiring Mahaffey to file a motion to compel and employ other alternative methods to obtain some of the requested documentation.

[¶ 26] As admitted by Byrd in his own brief, this court has traditionally not favored those who have contributed to delay and caused the need for continuance by their own actions. See *Inskeep v. Inskeep,* 752 P.2d 434, 437 (Wyo.1988); *Urich v. Fox,* 687 P.2d 893, 894 (Wyo.1984); *Sharp v. Sharp,* 671 P.2d 317, 319 (Wyo.1983); *Cates v. Eddy,* 669 P.2d at 916; *Teton v. Teton,* 933 P.2d 1130, 1132 (Wyo.1997). In *Sharp,* at 319 (footnote omitted), we stated:

> A continuance will be granted only upon good cause and a court will deny a continuance where the problem which gives rise to the request is the fault of the movant. We said as much in *Craver v. Craver,* [601 P.2d 999 (Wyo.1979)] at 1000, where it was held:
>
> > "... that the trial court may deny a continuance if the problem which gives rise to the request for a continuance is the fault of the party moving for the continuance."

Likewise, in *Inskeep,* at 437, we declared:

> We have consistently held that the granting or denying of a continuance is within the sound discretion of the trial

court and is considered according to the circumstances unique to the case. *Shanor v. Engineering, Inc. of Wyoming,* Wyo., 705 P.2d 858 (1985); *Smith v. Smith,* Wyo., 704 P.2d 1319 (1985). Under § 1-9-102, W.S.1977, a court may grant a continuance "for good cause shown." Alternatively, a continuance may not properly be granted based upon the mere whim, request or convenience of counsel, and absent a substantial factual or legal reason for doing so. *Smith v. Smith, supra; Tomash v. Evans,* Wyo., 704 P.2d 1296 (1985). We have additionally held that a continuance may be denied by the trial court if the need for the continuance is caused by the movant. *Carlson v. BMW Industrial Service, Inc.,* Wyo., 744 P.2d 1383 (1987).

## CONCLUSION

[¶ 27] Given those reasons set forth above, the actions of the district court are affirmed.

GOLDEN, J., specially concurring.

[¶ 28] I would summarily affirm. The circumstances of this case do not indicate that Byrd's due process rights were ever threatened to the point of requiring this Court to consider the issues herein raised by Byrd when he never objected to the procedure below. Byrd's attempt to "play the system" failed, and this Court should not entertain his objections to circumstances he created.

[¶ 29] Further, I see no reason for this Court to engage in an advisory opinion regarding U.R.D.C. 102(c). Since the majority opinion has done so, however, I am compelled to comment. An uncooperative client may create grounds to support an attorney's withdrawing his representation of that client. But, by itself, the fact that a client is uncooperative is not enough to constitute an "extraordinary circumstance" as required by the rule. Without an "extraordinary circumstance," the trial court is without discretion to accept the withdrawal of an attorney of record without substitute counsel being in place, or at least acknowledgement from the

client. The language of U.R.D.C. 102(c) is clearly mandatory in this regard.

[¶ 30] As the majority opinion emphasizes, this case had been pending for quite some time. The parties had at least four months notice of the final trial date. The client became uncooperative at some point early in the proceedings (appellee's brief suggests Byrd was uncooperative with his attorney from the beginning). Thus, Byrd's attorney had plenty of time to determine whether or not he wanted to continue to represent Byrd under the circumstances. While Byrd's uncooperativeness may have justified counsel's withdrawal, nothing in the record justifies counsel's withdrawal within two weeks of trial without providing some protection for his (ex)client.

[¶ 31] I would hold that U.R.D.C. 102(c) was violated in this case. However, I would still affirm. Under the particular circumstances of this case, Byrd cannot prove that a substantial right was violated, and thus the error in violating the rule was harmless. W.R.A.P. 9.04.