# IN THE SUPREME COURT, STATE OF WYOMING

# 2022 WY 149

OCTOBER TERM, A.D. 2022

November 23, 2022

JODY M. McGILL,

**Appellant**
**(Plaintiff),**

v.

S-22-0055

TRAVIS McGILL,

**Appellee**
**(Defendant).**

*Appeal from the District Court of Teton County*
*The Honorable Timothy C. Day, Judge*

*Representing Appellant:*
Robert M. Shively, Casper, Wyoming.

*Representing Appellee:*
John Graham, Julie A. O'Halloran, Geittmann Larson Swift LLP, Jackson, Wyoming.

*Before FOX, C.J., KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ.*

**NOTICE:** **This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BOOMGAARDEN, Justice.**

[¶1]    Jody McGill (Wife) challenges the district court's order allowing her trial counsel to withdraw from representation several weeks prior to the divorce bench trial.  Wife contends the district court abused its discretion because the court, and her trial counsel, cited no "extraordinary circumstances" as required under Rule 102(c) of the Wyoming Uniform Rules for District Courts (URDC) to allow the withdrawal without first obtaining substitute counsel.  We affirm.

## *ISSUE*

[¶2]    The sole issue is:

> Whether the district court abused its discretion when it granted counsel's motion to withdraw without conditioning the withdrawal upon the substitution of other counsel by written appearance.

## *FACTS*

[¶3]    Wife filed a complaint for judicial separation against Travis McGill (Husband) in August 2020.  Husband answered the complaint and counterclaimed for divorce.  In February 2021, Wife's initial counsel moved to withdraw, stating her relationship with Wife had deteriorated and she could no longer represent her.  Soon after, before the district court ruled on the motion, Wife's two new counsel entered their appearances.  The district court granted the motion to withdraw and allowed the substitution.  It subsequently reset the discovery and mediation deadlines, as well as the pretrial conference.  In late May, the district court entered a stipulated order to again extend the discovery and mediation deadlines and reset the pretrial conference to August 9.

[¶4]    On August 2, Wife's counsel filed a notice of intent to withdraw in lieu of a pretrial memorandum that was due under the district court's order.  The next day, Wife's counsel filed a motion to withdraw.  In their motion, counsel provided several reasons for the withdrawal.  Counsel stated Wife had been uncooperative, failed to follow legal advice on certain matters, and failed to reasonably engage in the legal process causing counsel to seek numerous deadline extensions.  Counsel also cited ethical concerns related to fundamental disagreements with Wife.  Counsel noted their engagement agreement allowed them to withdraw for "good cause" under these circumstances.

[¶5]    On August 5, the district court converted the parties' August 9 pretrial conference into a hearing on the motion to withdraw.  On August 6, Wife filed a pro se motion to continue the hearing, stating she did not want to represent herself and requesting she be given four weeks to obtain new counsel.  The district court did not grant Wife's motion to

continue and held the hearing on the motion to withdraw. Wife did not appear. The hearing was not reported.

[¶6]   The district court entered its *Order After Hearing on Motion to Withdraw* the same day as the hearing. The district court found, based on the statements of counsel at the hearing, that Wife and her counsel had opposing positions on the theory of her case. Counsel explained they could not ethically pursue Wife's theory after reviewing her requested positions with fact experts such as computer forensic analysts and accountants. Counsel reasoned that because of this disagreement they could not file witness and exhibit lists or a pretrial memorandum. Counsel also represented to the court that they attempted to discuss the dilemma with Wife. The district court gave Wife three weeks to find substitute counsel. It stated if substitute counsel could not be found in that time, it would allow counsel to withdraw under URDC 102(c) "on the basis of the extraordinary circumstances detailed at the August 9 hearing."

[¶7]   Due to a death in Wife's family, the court extended Wife's deadline to find substitute counsel by two weeks, to September 13. Wife was unable to find substitute counsel. On September 16, the district court entered an order granting the motion to withdraw. The next day the district court entered a trial management order setting the matter for bench trial on November 3.

[¶8]   On October 1, Wife moved to extend the trial deadlines and continue the bench trial to allow her more time to find counsel. Wife also asserted she needed more time to conduct discovery and attached over 300 pages of documents to the motion claiming, among other reasons, there were still outstanding issues related to the marital assets such as her home and that Husband had a long list of assets which had not been properly disclosed. After holding the final pretrial conference, the district court denied Wife's motion, finding there was not good cause to extend the trial deadlines or reset the bench trial.

[¶9]   The bench trial was held on November 3. Wife appeared pro se and testified on her own behalf.[1] The district court precluded Wife from calling witnesses and introducing exhibits into the record because she did not timely file her witness and exhibit lists. Husband was represented by counsel, provided testimony, and introduced several exhibits. Wife cross-examined Husband when he testified. On January 18, 2022, the district court entered a divorce decree granting the parties a divorce and dividing their property. Wife timely appealed and requests this Court set aside the district court's decree.

---

[1] Wife's theory of the case was revealed during her testimony where she repeatedly claimed Husband was hiding financial assets in domestic and foreign bank accounts.

## DISCUSSION

[¶10]  We review the district court's order allowing Wife's counsel to withdraw for an abuse of discretion.  *Nw. Bldg. Co., LLC v. Nw. Distrib. Co., Inc.*, 2012 WY 113, ¶ 10, 285 P.3d 239, 242 (Wyo. 2012) ("[I]ssues concerning the withdrawal of counsel . . . are matters which are left to the sound discretion of the trial court and will not be upset on appeal absent a demonstrated abuse of discretion." (quoting *Byrd v. Mahaffey*, 2003 WY 137, ¶ 5, 78 P.3d 671, 673 (Wyo. 2003))); *Sims v. Day*, 2004 WY 124, ¶ 9, 99 P.3d 964, 967–68 (Wyo. 2004).  "An abuse of discretion is found only when a court acts in a manner which exceeds the bounds of reason under the circumstances.  The ultimate issue is whether the trial court could reasonably conclude as it did."  *Nw. Bldg. Co., LLC*, ¶ 10, 285 P.3d at 242 (quoting *Byrd*, ¶ 5, 78 P.3d at 673).

[¶11]  URDC 102(c) governs the procedure for counsel seeking to withdraw, and states in part:

> Counsel will not be permitted to withdraw from a case except upon court order.  Except in the case of extraordinary circumstances, the court shall condition withdrawal of counsel upon the substitution of other counsel by written appearance.  In the alternative, the court shall allow withdrawal upon a statement submitted by the client acknowledging the withdrawal of counsel for the client, and stating a desire to proceed pro se.

Under the rule's plain language substitute counsel is mandatory, unless either of two exceptions apply: (1) the client consents to proceed pro se; or (2) extraordinary circumstances exist to permit counsel's withdrawal.  *See* URDC 102(c); *Nw. Bldg. Co., LLC*, ¶ 11, 285 P.3d at 242.  Because Wife was unable to obtain substitute counsel and did not desire to proceed pro se, the only issue is whether the district court could reasonably conclude "extraordinary circumstances" existed to allow Wife's counsel to withdraw.  *See Nw. Bldg. Co., LLC*, ¶ 10, 285 P.3d at 242.

[¶12]  We have stated:

> In determining whether withdrawal should be allowed in absence of replacement counsel, it is appropriate to consider the actions of the client and whether those actions contributed to the withdrawal request and weigh the right to counsel against the prompt administration of justice.  "[T]he trial court is better able to judge the matter . . . and is more familiar with the background and general setting of the situation, which is frequently not embalmed in the formal record."

3

*Id.* ¶ 17, 285 P.3d at 243 (quoting *Byrd*, ¶ 19, 78 P.3d at 676). This Court has also acknowledged the restraint placed on counsel under Wyoming Rule of Professional Conduct 1.16 from fully disclosing the reasons for the requested withdrawal. *Byrd*, ¶ 17, 78 P.3d at 676.

> Under [Rule 1.16], while an attorney must obtain a court order allowing withdrawal after appearing in an action and support such request with an adequate basis, counsel must also be careful to keep confidential certain facts and not disclose facts that might prejudice the court against his client. Thus, an artful balance between confidentiality and providing an adequate basis for withdrawal must be obtained by counsel requesting to withdraw. A lawyer's general statements that professional considerations require termination of the representation ordinarily should be accepted by the court as sufficient.

*Id.* (citing Wyoming Rule of Professional Conduct 1.16, cmt. 3).

[¶13] Wife contends the district court abused its discretion because it made no finding of extraordinary circumstances when it allowed her counsel to withdraw and that no such circumstances existed.[2] Wife also argues a client's disagreement with counsel should not itself rise to the level of extraordinary circumstances.

[¶14] Wife relies on *Sims* to support her arguments. *Sims*, ¶ 11, 99 P.3d at 968–69. This reliance is misplaced. In *Sims*, this Court concluded extraordinary circumstances did not exist when the trial court granted a motion to withdraw on the eve of trial, without a withdrawal hearing or a finding of extraordinary circumstances, and premised the withdrawal on counsel's statements in his motion that "representation [had] been rendered unreasonably difficult by the client—due to the client's neglect in communicating and complying with requests of [c]ounsel." *Id.* ¶¶ 2, 5, 11, 13, 99 P.3d at 966, 967, 969. We reasoned the client had not been provided notice and an opportunity to be heard on the motion because it was filed and granted before he received a copy in the mail. *Id.* ¶¶ 5, 13, 99 P.3d at 967, 969. And, because there was no withdrawal hearing, counsel's statements in his motion to withdraw were not established facts but rather "mere allegations," which we held "cannot form the basis for extraordinary circumstances." *Id.* ¶ 13, 99 P.3d at 969.

---

[2] To the extent Wife asserts the district court made no express finding of extraordinary circumstances, her argument is belied by the record. The district court's order after the hearing on the motion to withdraw expressly stated if Wife did not find substitute counsel within three weeks, the district court would allow "counsel to withdraw on the basis of the extraordinary circumstances detailed at the August 9 hearing." Additionally, the district court noted in its trial management order that it found extraordinary circumstances to permit Wife's counsel to withdraw.

4

[¶15] Unlike in *Sims*, Wife had sufficient notice and an opportunity to be heard regarding her counsel's motion to withdraw. *Cf. id.* ¶¶ 5, 13, 99 P.3d at 967, 969. Wife's counsel filed a notice of intent to withdraw the day prior to filing the motion. Wife clearly had actual notice of the motion because she sought a continuance soon after it was filed. Additionally, the district court held a hearing on the motion on August 9—a date earlier set for a pretrial conference. Though Wife did not appear, she had notice and an opportunity to respond to the motion to withdraw, and her counsel's statements at the hearing are established facts the district court could consider in exercising its discretion to find the circumstances extraordinary. *Cf. id.* ¶ 13, 99 P.3d at 969.

[¶16] The record on appeal does not contain a transcript of the hearing on the motion to withdraw, and the record was not settled in accordance with W.R.A.P. 3.03.[3] Consequently, this Court has "no choice but to assume that the evidence supports the district court's findings." *Nw. Bldg. Co., LLC*, ¶ 17, 285 P.3d at 243 (quoting *Kruse v. Kruse*, 2010 WY 144, ¶ 12, 242 P.3d 1011, 1014 (Wyo. 2010)). The district court found Wife's counsel sought to withdraw because of ethical concerns related to Wife's theory of the case. Counsel had explained to the court they reviewed Wife's theory with fact experts such as computer forensic analysts and accountants, and could not ethically support Wife's position. Due to counsel's ethical concerns, they could not file witness and exhibit lists or the pretrial memorandum. The court appropriately accepted their representation as sufficient to constitute extraordinary circumstances. *See Byrd*, ¶ 17, 78 P.3d at 676 ("A lawyer's general statements that professional considerations require termination of the representation ordinarily should be accepted by the court as sufficient." (citation omitted)).

[¶17] The district court's findings align more closely with *Byrd* than *Sims*. *Byrd*, 2003 WY 137, 78 P.3d 671. In *Byrd*, we concluded extraordinary circumstances existed to allow counsel to withdraw in part because counsel's motion to withdraw explained that the client's actions prevented counsel from appropriately preparing for trial. *See id.* ¶¶ 15, 19, 78 P.3d at 675–76. We also noted that although no transcripts of the hearing on the motion to withdraw existed, the record reflected the client's failure to reasonably cooperate and his obstruction of the orderly progression of his case. *Id.* ¶ 16, 78 P.3d at 676.

[¶18] Like in *Byrd*, the record reflects that Wife's actions prevented counsel from appropriately preparing for trial. Wife's insistence on her proposed theory of the case placed counsel in a difficult position where they felt unable to ethically file witness and exhibit lists or a pretrial memorandum as required under the district court's order. Further, although the record contains no transcript of the hearing on the motion to withdraw, it otherwise contains evidence of Wife's failure to cooperate and obstruction of the orderly progression of her case. *See id.* Wife filed her complaint for judicial separation in August 2020. In February 2021, Wife's initial counsel withdrew as a result of their deteriorated

---

[3] W.R.A.P. 3.03 "provides procedures to establish a record where no transcript of proceedings is available[.]" *Matter of SGN*, 2022 WY 38, ¶ 7, 506 P.3d 748, 750 (Wyo. 2022).

relationship, leading Wife to obtain substitute counsel. After the court reset the trial deadlines due to the substitution, months later in May 2021, the court entered a stipulated order to further extend the trial deadlines. When those deadlines approached, over a year after the commencement of the action, Wife's counsel filed their notice of intent to withdraw. This evidence, though not specifically referenced in the court's findings, further supports that Wife's actions contributed to counsel's request to withdraw and the court acted within the bounds of reason to weigh her right to counsel against the prompt administration of justice. *Nw. Bldg. Co., LLC*, ¶ 17, 285 P.3d at 243.

[¶19]   Assuming as we must that the evidence at the hearing on the motion to withdraw supports the district court's findings, and having reviewed the record, we hold the district court could reasonably conclude extraordinary circumstances existed to allow Wife's counsel to withdraw without requiring substitution of counsel. The district court did not abuse its discretion. *See Byrd*, ¶ 20, 78 P.3d at 676–77; *Nw. Bldg. Co., LLC*, ¶ 17, 285 P.3d at 243.

[¶20]   Affirmed.