586 P.2d 997

**Mildred YATES, Petitioner,**

v.

**The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF PIMA, the Honorable Lillian S. Fisher, Orthopaedic Associates, P. C., an Arizona Corporation, J. R. Schwartzmann, and Melvyn G. Weinberg, Respondents.**

No. 2 CA–CIV 3037.

Court of Appeals of Arizona,
Division 2.

Oct. 11, 1978.

Arthur L. Hirsch, Tucson, for petitioner.

Everett, Bury & Moeller, P. C. by Leonard Everett, Tucson, for respondents Orthopaedic Associates, Schwartzmann & Weinberg.

OPINION

HOWARD, Judge.

Petitioner, plaintiff in a pending superior court medical malpractice action, seeks an order setting aside the decision of a medical liability review panel and granting her a new panel hearing. She claims that the respondent judge abused her discretion in

denying a motion for continuance and exceeded her authority in not honoring the presiding judge's appointment of the lawyer-member of the panel. We find the circumstances warrant intervention by special action and therefore assume jurisdiction.

Petitioner filed her medical malpractice suit on February 15, 1978. An order appointing the respondent judge, attorney Gaila Davis and two doctors as members of the medical liability review panel was entered on April 17, 1978, and the respondent judge set the panel hearing for June 22, 1978.

On June 6, 1978, petitioner's attorney filed a motion for continuance until late September or October on the ground that petitioner's medical expert witness was unavailable. Appended to the motion was an affidavit of counsel stating that he intended to call Dr. Compere as an expert witness at the medical liability review panel hearing, that by letter dated May 26, 1978 the doctor had advised him that he would be on vacation in Michigan through the month of August, and that petitioner could not proceed with the hearing without the testimony of Dr. Compere. The motion, opposed by the defendants on the ground that it was untimely, was heard by the respondent judge on June 19 and was denied. Petitioner was unable to present any evidence to the panel because her case depended upon the testimony of Dr. Compere. On June 23, 1978, although no evidence had been presented to it the panel's decision was entered. It recited:

"AFTER CONSIDERING all evidence presented to the panel, the panel finds for the Defendants."

The malpractice action is presently set for trial on April 3, 1979.

■ A.R.S. Sec. 12–567(C) provides for the extension of time for the panel hearing "upon good cause shown". It is well settled that a motion for continuance is addressed to the sound discretion of the trial court and its ruling will not be disturbed unless that discretion has been abused. *Evans v. Scottsdale Plumbing Company*, 10 Ariz.App. 184, 457 P.2d 724 (1969); *Dykeman v. Ashton*, 8 Ariz.App. 327, 446 P.2d 26 (1968).

■ The trial court's legitimate concern for the prevention of delay in the trial of cases should not prejudice the substantial rights of a party by forcing him to go to trial without being able to fairly present his case. *Gonzales v. Harris*, 542 P.2d 842 (Colo.1975); *Fouts v. Armstrong Commercial Laundry Distributing Company*, 209 Kan. 59, 495 P.2d 1390 (1972). Here, petitioner, as soon as counsel was advised that Dr. Compere would be absent from the state for three months, promptly requested a continuance. Although the motion was filed more than two weeks before the date set for the panel hearing, it was not heard until three days before the hearing date. The denial of the motion, however, was fatal to petitioner's ability to prove malpractice. The inevitable result was that which occurred here, a finding for the defendants. As a consequence, petitioner would not be able to avail herself of A.R.S. Sec. 12–567(J) providing for the panel's assistance in obtaining expert medical testimony for subsequent litigation. Also, the conclusion of the panel would be admissible in evidence in a subsequent trial and the jury could accord such weight to the conclusion as they chose. A.R.S. Sec. 12–567(M). In the face of this extreme prejudice to the petitioner and the fact that there was adequate time for opposing counsel to advise his witnesses of a postponement, we believe the respondent judge should have granted the continuance. The inconvenience caused by a delay was completely overshadowed by the fact that petitioner would be foreclosed from having her claim considered by the panel on its merits and would be placed at a disadvantage in the subsequent litigation of her claim.

■ Petitioner additionally claims that the respondent judge exceeded her authority as to the appointment of the lawyer-member of the panel. Although not necessary to the disposition here, we deem it appropriate to comment on the irregularity of the appointment. On June 19, 1978, petitioner filed an affidavit to disqualify Gaila

Davis, the lawyer-member appointed to the panel. The presiding judge referred the matter to the respondent judge for hearing. The following day, a formal order was signed by the presiding judge which recites:

"THE COURT having accepted the oral withdrawal of Gaila Davis appoints Dean Sipe to the medical-legal panel set before Division IV."

Both Ms. Davis and Mr. Sipe appeared at the June 22 hearing. The respondent judge determined that petitioner's motion to disqualify Ms. Davis was not timely filed and retained her on the panel rather than Mr. Sipe. A.R.S. Sec. 12–567(B) provides for the appointment of panel members by the presiding superior court judge. Ms. Davis had withdrawn and Mr. Sipe had been appointed by the presiding judge to serve in her place. The motion to disqualify should not have been ruled on as a replacement had been appointed.

We hold that petitioner's motion for continuance should have been granted and therefore direct that the panel decision be set aside and a new panel hearing be scheduled.

RICHMOND, C. J., and HATHAWAY, J., concur.