**Mark URICH, Appellant (Defendant),**

v.

**Abraham H. FOX, Appellee (Plaintiff).**

**No. 84–30.**

Supreme Court of Wyoming.

Sept. 14, 1984.

Sheila J. Barton and Martin J. McClain, (argued), Cheyenne, for appellant.

George A. Zunker and Carole Shotwell (argued) of Urbigkit, Whitehead, Zunker & Davidson, P.C., Cheyenne, for appellee.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN, and CARDINE, JJ.

CARDINE, Justice.

This case, a suit upon three promissory notes, was set for trial upon five days notice. A request for continuance was denied. The trial was held as scheduled with neither appellant nor his counsel being present. This appeal is from the judgment entered following the trial.

Appellant states the issues as:

"1. Whether the trial judge abused his discretion by denying Appellant's motion for a continuance when the Appellant had only five days notice of the trial setting and his expert witness was unavailable to testify because he had been subpoenaed in another case set for trial on the same date in Denver, Colorado.

"2. Whether a district court can conduct a trial and render a final decision on the merits in the absence of the defendant and/or his attorney."

Appellee raises an additional issue:

"Was Appellant, acting pro se, entitled to special considerations, such as longer periods for notice, merely because of his pro se status?"

Appellee commenced this action in August 1983 by filing his complaint. Appellant answered pro se and thereafter answered interrogatories and responded to a request for admissions. By order, dated December 5, 1983, the case was assigned to the Honorable P.T. Liamos, Jr. and set for nonjury trial on Tuesday, December 20, 1983. Appellant was notified of his trial date on Thursday, December 15, 1983, five days before the trial was to begin. Prior to receiving notice of the trial setting, he had contacted a Wyoming attorney who agreed to review the case in anticipation of representing him. However, upon learning of the trial date, this attorney informed appellant that he would be unable to represent him because of the time constraints.

Appellant's handwriting expert was under subpoena to testify in another case in Denver, Colorado on December 20 and was, therefore, unavailable to testify at appellant's trial.

A second Wyoming attorney made an appearance prior to the commencement of appellant's trial asking for a continuance of the case until the January docket schedule. This motion was denied. Appellant's attorney asked to be excused since he was not prepared to try the case. The judge then heard the case without appellant or appellant's attorney, rendering a judgment in appellee's favor.

Rule 7, Uniform Rules for the District Courts of the State of Wyoming, states:

"Cases shall not be continued upon stipulation of counsel alone, but such continuances may be allowed by order of court. No such continuance shall be allowed except for good cause shown."

 The trial court has the discretion to grant or deny a continuance. *Craver v. Craver*, Wyo., 601 P.2d 999 (1979). Matters which are left to the sound discretion of the trial court will not be disturbed on appeal without a demonstrated abuse of discretion. *Bacon v. Carey Co.*, Wyo., 669 P.2d 533 (1983).

"To find an abuse of discretion, the refusal must be so arbitrary as to deny appellant due process, and the burden rests upon appellant to prove actual prejudice and a violation of his rights." *Cates v. Eddy*, Wyo., 669 P.2d 912, 916 (1983).

On review we look at the peculiar circumstances of each case and the reasons which were presented to the trial judge at the time of the request. *Cates v. Eddy*, supra.

" 'A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did. An abuse of discretion has been said to mean an error of law committed by the court under the circumstances.' " *Randolph*

*v. Hays*, Wyo., 665 P.2d 500, 504 (1983) (quoting *Martinez v. State*, Wyo., 611 P.2d 831, 838 (1980)).

We have stated that

" * * * the trial court may deny a continuance if the problem which gives rise to the request for a continuance is the fault of the party moving for the continuance." *Craver v. Craver*, supra, 601 P.2d at 1000. See, *Holly Sugar Corp. v. Perez*, Wyo., 508 P.2d 595 (1973).

In *Bacon v. Carey*, supra, the appellant had either fired his attorney or made it impossible for him to work on the case. The judge stated he would allow the withdrawal but that he would not grant a continuance. The denial of a continuance was held not an abuse of discretion because the situation was the fault of the party and resulted from difficulties he had with his attorney.

In *Cates v. Eddy*, supra, appellant agreed to the withdrawal of his attorney, then sought a continuance. The pretrial conference had been held on April 30, 1982; the case was then set for trial October 4, 1982. The motion for continuance was denied. We stated that we would not interfere absent a clear abuse of judicial discretion.

In *Sapp v. Wong*, 62 Hawaii 34, 609 P.2d 137 (1980), a continuance was requested because an indispensable witness was not available to testify. The court stated, first, that the circumstances did not suggest that the movants for the continuance merely sought a general delay and, second, that the continuance would not have been prejudicial to or inconvenience the appellees. Therefore, the trial court's failure to grant the continuance was prejudicial to appellants since they did not have a reasonable opportunity to try the case on the merits. In *State v. Jones*, 226 Kan. 503, 601 P.2d 1135 (1979), a witness failed to appear for trial. The court stated that appellant had made a showing of due diligence to procure the witness and therefore, the court's action in not granting a continuance was an abuse of discretion and prejudicial error

under the circumstances. *Winkelman v. Allen*, 214 Kan. 22, 519 P.2d 1377 (1974), involved an expert witness who could not be present because adverse weather conditions had made travel impossible. The court stated that a denial of a continuance was an abuse of discretion under the circumstances. In *Yates v. Superior Court In and For Pima County*, 120 Ariz. 436, 586 P.2d 997 (1978), a trial court denied a continuance which was requested because the expert witness was unavailable. The inconvenience which was caused by the delay was held to be overshadowed by the fact that the petitioner would be foreclosed from having his claim considered on the merits. It was held that the trial court acted arbitrarily in refusing a continuance when a witness was seriously ill and unable to testify. *Schwarz v. Ulmer*, 149 Colo. 601, 370 P.2d 889 (1962). *First Nat'l Bank and Trust Co. of El Dorado v. Ford Motor Credit Co.*, 231 Kan. 431, 646 P.2d 1057 (1982), held that the trial court abused its discretion in requiring trial fifteen days after the issues were joined and before discovery was completed. In those circumstances, the refusal to grant a continuance was reversible error.

In the present case appellant was notified of the trial setting five days before the trial date. This period encompassed a weekend and was during the holiday season. Appellant's expert witness was unavailable for trial because of a previous trial commitment. In response to the motion for a continuance made by appellant's counsel, the court stated:

"Well, the court notes that the matter was filed on August 23 of this year and that personal service was obtained on the defendant on the 24th day of August, serving him in Laramie County, and that by an answer signed by the defendant, as pro se, the defendant has admitted paragraph one and specifically denied the rest of the paragraphs, and affirmatively stated that there was no consideration for the notes, those notes are not genuine, not obligations of the defendant, and the notes were usurious and void. Also enclosed and attached to the file is a letter from the office of Michael A. Littman. It was signed by Julie Hunter, secretary for Michael Littman, wherein the signed answer was enclosed. There is the additional sentence, 'If there are any questions, please feel free to call us'—so I assume by that that the defendant was represented by Colorado counsel who actually prepared the answer for him. .

"And I would assume that that counsel and the defendant in the request for admissions received copies of the notes sued upon, that the defendant, probably with the aid of counsel, responded to requests for admissions, admitted apparently one note and denied the other two, and also answered the interrogatories, showing to the court that the defendant knows what he's being sued for and knows what his defense is.

"I noted that the certificate of mailing of the answer to interrogatories was signed by Julie Hunter, the person who signed the letter as the secretary to Mr. Littman, but no appearance in this matter was made by any attorney authorized to practice law in Wyoming.

"This has all the earmarks of a stall to the court, and I'm not going to allow it.

"I'm going to deny the motion for a continuance.

"The defendant has had ample time to get a Wyoming attorney to make an appearance for him. He's had ample time to do any discovery he wanted to do."

It would seem that the court denied a continuance because the appellant, while appearing pro se, may have sought the advice of an attorney before contacting a Wyoming attorney to appear in court. But that was not a cause of his being unable to defend or proceed with the trial. It was undisputed that appellant's expert was unable to be present at the trial through no fault of appellant.

Rule 5, Uniform Rules for the District Courts of the State of Wyoming, states:

"All contested civil nonjury cases shall be set for trial on the merits *upon rea-*

*sonable notice* to counsel of record, at times to be designated by the court or by agreement of counsel at any convenient time." (Emphasis added.)

Rule 6(d), W.R.C.P.[1], requires five days notice for hearing motions and an additional three days if the motion is served by mail per Rule 6(e), W.R.C.P.[2]

Rule 3, Uniform Rules for the District Courts of the State of Wyoming,[3] defines reasonable notice for the taking of depositions as five days, subject to an order either enlarging or shortening the time. Rule 56(c), W.R.C.P.[4], mandates that a motion for summary judgment shall be served at least ten days before the time fixed for the hearing. Preparation for trial is far more complex and difficult than preparation for a summary judgment hearing or the taking of a deposition. Final preparation for trial requires putting the entire case together which includes, among other things, assembling and establishing an order for introduction of exhibits, interviewing and arranging for attendance of witnesses, time for their appearance and order of testifying. It involves opening statement, preparation of law to support or oppose objections, foundation for exhibits and final argument. The conclusion is inescapable that if five days notice is required for hearing motions or taking depositions and ten days notice for a summary judgment, some larger period of notice is appropriate for trial. We hold, therefore, that, under these circumstances, five days notice of trial is presumptively not reasonable notice. This is not to say that a trial setting upon five days notice will never be sufficient. In some circumstances, when both parties are prepared, their witnesses are available, and the short time to trial will not work a hardship in presentation or result in injustice, five days notice may be adequate. However, in situations, such as this, where the short period of time prevented appellant from having the testimony of his expert witness and presenting his case on the merits, we find that five days notice was per se unreasonable, and it was an abuse of discretion to refuse a continuance when it was requested.

Appellee contends that appellant was not entitled to greater notice because of his pro se status.

"We recognize that a party should not benefit from his failure to employ counsel, and it is not the function of the court to supervise laymen in the practice of law. However, the layman should not be

1. Rule 6(d), W.R.C.P., provides:
 "A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than 5 days before the time specified for the hearing, unless a different period is fixed by these rules or by order of the court. Such an order may for cause shown be made on ex parte application. When a motion is supported by affidavit, the affidavit shall be served with the motion; and, except as otherwise provided in Rule 59(c), opposing affidavits may be served not later than 1 day before the hearing, unless the court permits them to be served at some other time."

2. Rule 6(e), W.R.C.P., provides:
 "Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him, and the notice or paper is served upon him by mail or by delivery to the clerk, 3 days shall be added to the prescribed period, provided however, this rule shall not apply to service of process by registered mail under Rule 4(1)(2)."

3. Rule 3, Uniform Rules for the District Courts of the State of Wyoming, provides in pertinent part:
 " 'Reasonable notice' for the taking of depositions shall be five (5) days, subject, however, to an order of the court entered for cause shown enlarging or shortening the time. Rule 6 of the Wyoming Rules of Civil Procedure shall govern the computation of time."

4. Rule 56(c), W.R.C.P., provides:
 "The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

penalized for appearing pro se." *Suchta v. O.K. Rubber Welders, Inc.*, Wyo., 386 P.2d 931, 933 (1963).

We have not determined this case on the basis of appellant's pro se status. Whether or not appellant had the advice of an attorney and whether or not he had retained an attorney or was acting pro se are not material to the issue involved. He was given just five days notice of the trial setting. His expert witness was unable, because of a prior trial commitment, to appear on that date. The witness was, thus, unable to testify; and appellant was, therefore, prejudiced, and, through no fault of his own, prevented from trying the case on its merits. It is immaterial that he acted pro se. While we do not grant pro se litigants special status, neither do we punish them for acting without an attorney.

Our disposition on this issue makes it unnecessary to decide whether or not the trial court properly proceeded to determine the merits of the case without the presence of appellant or his attorney.

The judgment entered, therefore, is vacated and the case remanded for further proceedings consistent with this opinion.