2007 WY 180

**Cyril K. RICHARD, Appellant (Plaintiff),**

v.

**Donna Taylor RICHARD, Appellee (Defendant).**

**No. S–07–0038.**

Supreme Court of Wyoming.

Nov. 13, 2007.

Representing Appellant: William R. Fix and Jenna V. Mandraccia of William R. Fix, P.C., Jackson, Wyoming.

Representing Appellee: Lea Kuvinka of Kuvinka & Kuvinka, P.C., Jackson, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, and BURKE, JJ., and SANDERSON, D.J.

HILL, Justice.

[¶ 1] Appellant, Cyril K. Richard (Husband), seeks review of an order of the district court that denied his motion for relief from the decree of divorce entered by the district court. That motion was filed pursuant to W.R.C.P. 60(b)[1] and Wyo. Stat. Ann § 1–16–

---

1. W.R.C.P. 60(b) provides:

(b) *Other Reasons.*—On motion, and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been

401 (LexisNexis 2007).[2] Husband contended that Appellee, Donna Taylor Richard (Wife), "intentionally and negligently misrepresented to [Husband] material facts that inherently effected [sic] [Husband's] rights to a fair distribution of the parties' property, assets, debts, and liabilities, namely the above-referenced misrepresentations in relation to Jackson Hole Athletic Club." Husband also contends that the district court erred in denying his motion for a continuance of the hearing on his Rule 60(b) motion. We will affirm.

## ISSUES

[¶ 2] Husband articulates this issue:

I. Whether the lower Court's Order Denying [Husband's] W.R.C.P. 60(b) Motion for Relief was proper and in accordance with established law.

Wife more accurately captures the contentions argued in Husband's brief:

> discovered in time to move for a new trial under Rule 59(b); **(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;** (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding as provided by statute, or to grant relief to a party against whom a judgment or order has been rendered without other service than by publication as provided by statute. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action. [Emphasis added.]

> 2. **§ 1–16–401. Authority of court; grounds.**
> (a) A district court may vacate or modify its own judgment or order after the term at which it was made:
> (i) By granting a new trial when the grounds for a new trial could not with reasonable diligence have been discovered before, but are

1. Did the District Court abuse its discretion when it denied the Husband's Motion to Vacate and Reset Hearing?

2. Did the District Court err in denying Husband's Rule 60(b) motion?

## PROCEEDINGS IN THE DISTRICT COURT

[¶ 3] The parties entered into a sealed settlement agreement which was filed in the district court on March 15, 2005. A decree of divorce that contained very little information, other than referring to the sealed settlement agreement, was entered on September 28, 2005. Husband filed his Rule 60(b) motion on September 25, 2006. Wife filed her response on October 12, 2006. By order entered on October 25, 2006, the district court set the matter for a one-half hour long hearing on November 9, 2006 (although it turned out the district court allowed forty-five minutes). On November 2, 2006, Hus-

> discovered after the original motion for a new trial has been passed upon by the district court;
> (ii) By a new trial granted in proceedings against defendants constructively summoned;
> (iii) For mistake, neglect or omission of the clerk or irregularity in obtaining a judgment or order;
> (iv) **For fraud practiced by the successful party in obtaining a judgment or order;**
> (v) For erroneous proceedings against a minor or person of unsound mind, when the condition of the defendant does not appear in the record nor the error in the proceedings;
> (vi) For the death of the parties before judgment in the action;
> (vii) For unavoidable casualty or misfortune preventing the party from prosecuting or defending;
> (viii) For errors in a judgment shown by a minor within twelve (12) months after arriving at the age of majority;
> (ix) For taking judgments upon warrants of attorney for more than was due the plaintiff, when the defendant was not summoned or otherwise legally notified of the time and place of taking the judgment;
> (x) When the judgment or order was obtained in whole or in a material part by false testimony on the part of the successful party or any witness in his behalf which ordinary prudence could not have anticipated or guarded against and the guilty party has been convicted. [Emphasis added.]

band filed a motion to vacate and to reset the hearing, contending that he needed more time "to conduct discovery and depositions in this matter," and that more than one-half hour would be required for the hearing. Wife objected to what we will refer to as a motion for a continuance, asserting that Husband had had over a year since the divorce decree was entered in which to do any necessary discovery. The district court denied the motion for continuance. By order entered on December 22, 2006, the district court denied Husband's substantive motion. Husband's notice of appeal was filed on January 19, 2007.

## DISCUSSION

### Denial of Motion for Continuance

[¶ 4] This appears to be a threshold question, because if Husband was entitled to more time to develop his "fraud" theory, by means of discovery of various sorts, then it might be necessary to reverse the district court's substantive order. On the other hand, as we will set out more fully below, Husband may not have been entitled to a hearing at all unless he had, by his motion, posited an actual controversy before the district court which merited a hearing. Wife contends that the parties' sealed settlement agreement prohibited Husband from filing such an action—even if he could have posited an actual controversy for the district court's consideration. Finally, these parties settled amongst themselves the terms of their divorce, and we have always expressed our preference for honoring such settlements. Thus, the district court might well have not taken this matter up at all, in light of our historical commitment to not disturbing such settlements.

[¶ 5] However, we will begin with the district court's denial of the motion for a continuance (denominated by Husband as a motion to vacate and reset) for the sake of simplicity. U.R.D.C. 201 provides: "Cases will not be continued upon stipulation of counsel. Continuances will be granted only for good cause shown in writing." At the outset, of course, this case was not in a posture where it was set for trial, the time for that had long since come and gone.

[¶ 6] The trial court has broad discretion in granting or denying a motion for continuance, and absent a manifest abuse of discretion, the reviewing court will not disturb such a ruling. To find an abuse of discretion, the refusal must be so arbitrary as to deny appellant due process, and the burden rests upon appellant to prove actual prejudice and a violation of his rights. Upon review, we look at the peculiar circumstances of the case and the reasons presented to the trial judge at the time of the request. *Abraham v. Great Western Energy, LLC*, 2004 WY 145, ¶ 16, 101 P.3d 446, 454 (Wyo.2004) (citing *Byrd v. Mahaffey*, 2003 WY 137, ¶ 7, 78 P.3d 671, ¶ 7 (Wyo.2003)); also see *Urich v. Fox*, 687 P.2d 893, 894–897 (Wyo.1984) (it is an abuse of discretion to set trial with only five days of notice). Husband relies heavily upon our decision in *Abraham* even though it is not pertinent authority for the proposition he brings before us. In *Abraham*, the district court set a deadline for discovery as a part of its pretrial order, but then held a hearing on a motion for summary judgment before that deadline had passed. We held that that was an abuse of discretion and a denial of due process, especially because Abraham was in the process of conducting important discovery in response to materials submitted with the motion for summary judgment. The circumstances of Husband's case differ markedly from those presented by *Abraham*. We conclude that the district court did not abuse its discretion in denying the motion for continuance.

### Denial of Rule 60(b) Motion

[¶ 7] The district court's order stated only that the motion was denied. During the hearing, the district court heard the arguments of counsel and made these brief comments at the end of those arguments:

Mr. Fix, I obviously didn't give you the continuance. I am going to hold that—and I agree, Mr. Fix and Mr. Richard, with Ms. Kuvinka that Section 17 does preclude obviously that the parties agreed, I think both parties probably have more business knowledge, obviously had more experience running businesses than most of the peo-

ple, probably than any of us in this courtroom, the attorneys and the Court certainly included.

But that the settlement agreement was fair and equitable and that the parties entered into it with their experts and the mediation, serial mediation as Mr. Fix referred to it, and that Section 17 does preclude the Court going any further and I don't even think that I have to reach the question of estoppel.

I was going to reread that *Abraham* case, that has to do with your discovery motion, however, Mr. Fix, but I don't think that's necessary because I do agree that— I don't know what good the discovery would do because Section 17, I think, precludes the reopening of this based on the reasons as set forth in your motion.

[¶ 8] Husband contends that the district court's reliance on Section 17 of the agreement is misplaced and, therefore, the matter must be remanded to the district court for reconsideration. We will discuss that further below, but we interject here a reminder that the district court may be affirmed on any valid basis appearing in the record. *Arnold v. Day*, 2007 WY 86, ¶ 14, 158 P.3d 694, 698 (Wyo.2007).

[¶ 9] After the district court made its determination, it did hear an offer of proof[3] from Husband that was directed both to the question of fraud, as well as to why he had not conducted any discovery/depositions prior to filing the motion (in essence he stated that he had tried to discuss it with Wife for many months, but she refused to discuss the matter). In any event, the offer of proof did nothing to advance Husband's claims of

fraud, nor did it excuse his lack of clear and convincing evidence to support his personal opinion that his wife had defrauded him (or for that matter got the better of him in the divorce settlement).

[¶ 10] The Settlement Agreement contained these recitals:

> The parties fully understand the terms, conditions and provisions of this Agreement and each believes the terms are fair, just and reasonable. Each of the parties has had an opportunity to consult with counsel prior to the execution of this Settlement Agreement. Each party has also had an opportunity to consult with his or her accountant or bookkeeper relative to any tax consequence of this Agreement.

> Husband and Wife fully and freely accept the provisions of this Settlement Agreement and agree as follows:

> . . . .

> 17. *ENTIRE AGREEMENT.* This agreement contains the entire understanding of the parties and there are no representations, warranties, covenants or undertakings other than those expressly set forth herein.

[¶ 11] We need not dispositively determine if Section 17 precluded this action, although it appears that it probably did. There is, however, a more definitive and dispositive reason for affirming the district court, and that is that Husband did not meet his burden of coming forward with the requisite level of "clear and convincing evidence" to sustain his claim (and this is so even when we accept all of his allegations and offer of proof as true). 11 Charles Alan Wright,

---

3. **Rule 103. Rulings on evidence.**

(a) *Effect of Erroneous Ruling.*—Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and

 (1) Objection.—In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context; or

 (2) Offer of Proof.—In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.

(b) *Record of Offer and Ruling.*—The court may add any other or further statement which shows the character of the evidence, the form in which it was offered, the objection made, and the ruling thereon. It may direct the making of an offer in question and answer form.

(c) *Hearing of Jury.*—In jury cases, proceedings shall be conducted, to the extent practicable, so as to prevent inadmissible evidence from being suggested to the jury by any means, such as making statements or offers of proof or asking questions in the hearing of the jury.

(d) *Plain Error.*—Nothing in this rule precludes taking notice of plain errors affecting substantial rights although they were not brought to the attention of the court.

Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure*, § 2860 (Fraud, Misrepresentation, and Other Misconduct—Generally), at 310–317 (1995 and Supp.2007); also see generally Stephen R. Pitcher, *Divorce and Separation: Fraudulent Procurement of Property Settlement*, 28 Am.Jur. POF2d 663 (1981 and Supp.2007).

[¶ 12]    Indeed, Husband's assertion evaporates completely when the documentation included in the record is taken into consideration. The gravamen of his contention is that Wife misled him about the value of the Jackson Hole Athletic Club. In an apparent effort to value the Athletic Club at a very high level, because he assumed Wife wanted it as a part of her portion of the property division, Husband submitted an affidavit for the district court's consideration that stated that the Club made a profit of $76,000.00 in 2002 (this profit was after Wife received her salary of $4,333.33 per month and after taking off the debt service—otherwise profit would have been $107,000.00).   Husband went on to opine that the business "could fetch $740,000.00 on the open market."   This is in marked contrast to Wife's assertion that the Athletic Club had a negative value of $287,000.00 and was wallowing in debt, which turned out to be an accurate assessment of its financial condition.

[¶ 13]    Finally, of course, there is the matter of our longstanding principle that the courts favor property settlement agreements. *Lipps v. Loyd*, 967 P.2d 558, 560–61 (Wyo. 1998).   We have examined the settlement agreement entered into by the parties prior to their divorce and determine that this is an appropriate case to employ that principle. The parties acknowledged as a part of the agreement that it is fair and just, and the evidence in the record bears that out.

## CONCLUSION

[¶ 14]    For the reasons set out above, we hold that the district court did not err in denying Husband's motion for a continuance nor did the district court err in denying Husband's Rule 60(b) motion.