2007 WY 202

**Robert Troy DUNSMORE, Appellant (Defendant),**

v.

**Amy Jo DUNSMORE, Appellee (Plaintiff).**

No. 06–263.

Supreme Court of Wyoming.

Dec. 18, 2007.

Representing Appellant: Mitchell E. Osborn, Cheyenne, Wyoming.

Representing Appellee: Philip White Jr., Laramie, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

HILL, Justice.

[¶1] Appellant, Robert Troy Dunsmore (Father), seeks review of a decree divorcing him from Appellee, Amy Jo Dunsmore (Mother). Father contends that the district court erroneously rescinded its *Order Allowing Telephonic Testimony*, denied Father's *Motion to Continue*, and denied Father's request to keep the record open so that Father could present deposition testimony. We will affirm the district court.

## ISSUES

[¶2] Father presents three issues:

1. The District Court abused its discretion by rescinding the Order allowing [Father's] witnesses to testify by telephone at the time of trial (thereby excluding witnesses and evidence regarding the methamphetamine use of [Mother] and the exposure of the parties' minor child to the drug);

2. The District Court abused its discretion by denying [Father's] motion for a continuance after the Court rescinded its Order allowing his witnesses to testify by telephone;

3. The District Court abused its discretion by refusing to keep the record open in order for [Father] to submit deposition testimony from the witnesses that were not allowed to testify by telephone.

Mother advances two issues:

1. Are the issues listed by [Father] relating to telephone testimony essentially moot because he has not appealed the trial court's oral ruling granting [Mother's] motion to strike those witnesses for other reasons?

2. Did the trial court abuse its discretion by denying [Father's] last-minute request to present witnesses by telephone or to continue the trial so as to allow supplementation of the evidence?

## FACTS AND PROCEEDINGS

[¶3] Mother filed for divorce on March 18, 2005, and, in doing so, requested custody of the parties' minor child, a son (RDD) born June 24, 2003. Mother was granted temporary custody of the child and Father was granted visitation.

[¶4] The path to trial in this matter was a tortuous one. Several motions to continue were filed by both sides for varying reasons, travel to Europe and scheduling conflicts among them. Trial was finally reset for

December 6, 2005, and was stacked first on the docket. However, Father's counsel filed yet another *Motion to Continue* "because of other hearings" that were scheduled for the same morning. Mother's counsel objected, and a hearing was set on the *Motion to Continue*. The motion was granted, and trial was reset for February 8, 2006, at 9 a.m.

[¶ 5] The parties continued to file motions, including a *Motion to Reduce Time to Answer and Respond to Discovery* filed by Mother. In large part this motion referred to positive results of drug tests performed on the child and declared that "[Father]'s counsel stated to the Court that [Father] has material and significant evidence that may or may not be important as to the custody of the child," "most or all of [the] evidence is outside of the State of Wyoming," and "[Mother] believes that much of the evidence is probably adulterated, false, and misleading." Finally, Mother stated in her motion that she believed "[Father] is attempting to stall the above-entitled matter." Mother asked the court to order Father to answer discovery in a "shorter time," which the court did.[1]

[¶ 6] On December 19, 2005, Mother filed a *Motion for Order to Show Cause* claiming that Father had not timely returned the child to Mother in compliance with the temporary custody order. Father responded to the motion and explained that, because he suspected Mother was using drugs, he had the child tested for exposure to methamphetamines, and the test came back positive. Because of the positive result, and other reasons, Father refused to return the child to Mother, who he believed was "abusing methamphetamine, cocaine, and other controlled substances." Mother filed a response denying Father's accusations.

[¶ 7] The court found Father to be in contempt for violating the parties' custody order, for removing the child from the state, for refusing to return the child to Mother, and for refusing to pay child support.

[¶ 8] The discovery issue remained unresolved, and Mother filed a motion to compel because "[Father] has failed to respond to said discovery." A hearing on the motion was set for February 24, 2006. However, Father served his *Response to Plaintiff's Motion to Have Defendant Show Cause and to Modify Temporary Order* on that same day, negating the necessity of a hearing.

[¶ 9] Eventually, after several postponements, the court scheduled the trial for May 17, 2006. On May 12, 2006, Father filed his *Pretrial Statement*, listing six expected witnesses. That same day, Father filed a motion requesting that most of his witnesses be allowed to testify by telephone because "... all of the witnesses ... are outside the State of Wyoming," and it would have been an "undue hardship" for the witnesses to appear in person. The day before trial, Mother objected to the motion, and filed a motion to strike the witnesses altogether, based on delays in obtaining discovery and Father's failure to provide a detailed description of the proposed witnesses' testimony in the pretrial statement. Apparently unaware of Mother's objection, the district court signed Father's proposed order granting the motion for telephonic testimony.

[¶ 10] After signing the order but prior to trial, the court reviewed the case file. The court was made aware of Mother's objection and reminded of Father's failure to comply with discovery requests and, accordingly, changed its mind on Father's motion for telephonic testimony, and on the day of trial, granted Mother's motion to strike Father's proposed witnesses. The court also denied Father's motion for telephonic testimony, denied Father's request for a continuance, and the trial proceeded. Ultimately, the court awarded custody of the child to Mother. This appeal followed.

## STANDARD OF REVIEW

[¶ 11] We will not overturn a decision of the trial court unless we are convinced that it constitutes an abuse of discretion or violates some legal principle. *Donnelly v. Donnelly*, 2004 WY 72, ¶ 19, 92 P.3d 298, 306 (Wyo.2004). Judicial discretion is a composite of many things, among which are conclusions drawn from objective

---

1. The court ordered discovery to be provided within 10 days of the actual order.

criteria. It means exercising sound judgment with regard to what is right under the circumstances and without doing so arbitrarily or capriciously. *Belless v. Belless*, 2001 WY 41, ¶ 6, 21 P.3d 749, 750–51 (Wyo. 2001).

[¶ 12] Our review includes an evaluation of the evidence supporting the trial court's decision, and we afford the prevailing party every favorable inference while omitting any consideration of evidence presented by the unsuccessful party. We cannot sustain findings of fact that are not supported by the evidence, contrary to the evidence, or against the great weight of the evidence. An abuse of discretion is present when a material factor deserving significant weight is ignored. *Donnelly*, ¶ 19, 92 P.3d at 306.

## DISCUSSION

### *Telephonic Testimony*

[¶ 13] Father's first issue is whether or not the district court abused its discretion on the day of trial when it rescinded its order allowing telephonic testimony of witnesses. Father argues that he was "denied his day" in court, ultimately, by the effect of that ruling, which was to exclude witnesses and evidence regarding Mother's drug use, and the resulting exposure to the minor child.

[¶ 14] Mother responds that Wyoming rules support the court's ruling, that courts have a strong preference for in-court testimony and, perhaps most importantly, Father did not show compelling circumstances for the telephonic testimony, nor did he give adequate notice.

[¶ 15] Mother also presents a "threshold" issue and argues that Father's argument is "essentially moot because he has not appealed the trial court's oral ruling granting [Mother's] motion to strike those witnesses for other reasons." However, Father properly appealed the final order in this case—the *Decree of Divorce*. As we have stated before, the general rule is that all provisional or interlocutory proceedings in a matter are merged in, and disposed of, by the final decree. *Geerts v. Jacobsen*, 2004 WY 148, ¶ 13, 100 P.3d 1265, 1269 (Wyo.2004). Ac-

cordingly, Father's arguments are properly before this Court, and are not "moot."

[¶ 16] We now turn to the issue before us. In Wyoming, telephonic testimony is allowed in limited circumstances. W.R.C.P. Rule 43(a) states in pertinent part:

*Form and admissibility.—*

In every trial, the testimony of witnesses shall be taken in open court, unless these rules, a statute, the Wyoming Rules of Evidence, or other rules adopted by the Supreme Court of Wyoming provide otherwise. The court may, for good cause shown in compelling circumstances and upon appropriate safeguards, permit presentation of testimony in open court by contemporaneous transmission from a different location.

[¶ 17] Presumably, the court signed the order allowing telephonic testimony pursuant to this rule. However, after initially granting Father's proposed order granting telephonic testimony, the court rescinded it after considering Mother's objection. In fact, the court heard argument as to whether or not Father's witnesses should be allowed to testify by telephone. In lieu of reciting those lengthy arguments, we paraphrase the case made by each side.

[¶ 18] The basic gist of Mother's argument was that the testimony from the proposed witnesses would be unreliable, especially the Rock Springs doctor who was to testify about the parties' son's positive drug test. Mother asserted that the evidence to be introduced through the doctor was "fabricated," "altered," and "improper," and that she objected to a witness testifying as to the documents over the telephone. Mother's counsel also argued that discovery took too long and that Father did not timely provide responses to Mother's discovery requests. In addition, Mother objected generally based upon her right to confront witnesses.

[¶ 19] Father's counsel responded that a Utah doctor would authenticate the documents Mother questioned. Furthermore, a Rock Springs lab technician would authenticate the lab tests conducted on the parties' son. Father also argued that another of his

witnesses could not attend due to childcare issues.

[¶ 20] Following the parties' arguments, the Court reached a decision and stated as follows:

Well, first, I have not, for some time, read through this file, and I did this morning preparatory to this hearing. Overall, it represents a very adverse comment, as far as the efficiency and the performance of our civil justice system. Sometimes, individually, the various steps, the various continuances may appear to be legitimately made, and when you take it all together, it is some kind of unacceptable picture.

These parties should have been before this Court for a final resolution of this dispute months ago, and for various reasons, they have not been. There are a number of things of which I was not mindful before going through the file, and that trip through the file reminded me; one, I had not recalled that that there had been a motion and order for the response to production of discovery. That does make a difference.

Then, in a similar vein, when Mr. Osborne on behalf of Mr. Dunsmore presented his ex parte motion for leave to call witnesses by telephone, I wasn't aware that Mr. Pretty had objected. The motion didn't indicate that, and Mr. Osborne probably didn't know that at the time. I don't know if the file would have contained that objection at the time the order was signed or not. But, be that as it may, taken all together, clearly that order was entered and is hereby rescinded.

This is a matter containing far too many important disputes to use telephone testimony. So, Mr. Pretty, your motion is granted in both respects; that is, these witnesses are stricken and they may not appear by telephone. But, there is a proviso.

Later, after the other evidence is taken, we will conduct an inquiry into the extent of which witnesses should be granted release from the order, and we will have to consider these items individually and determine whether striking the proposed testimony is appropriate under the circumstances or not. But, until that inquiry and the results of it, the motion is granted.

[¶ 21] Taking into consideration both attorneys' arguments, the court's commentary, and the resulting hearing from the record before us, we hold that the district court could reasonably have reached the conclusion that it did. Although the court had initially signed the order granting the motion, it was entitled to rescind that order. The action may have been unusual, but it is not unprecedented. *See Merkison v. State,* 996 P.2d 1138, 1140 (Wyo.2000) (discussing *Brunsvold v. State,* 864 P.2d 34 (Wyo.1993), wherein defendant was granted a refund of money he paid to the crime victims fund. The refund order was subsequently rescinded by the district court and defendant appealed.). *See also Blankinship v. State,* 974 P.2d 377, 378 (Wyo.1999).

[¶ 22] Furthermore, evidence was presented showing that Father—through his counsel—resisted following through with discovery requests, and the record reflects as much. Although each side presented an extreme view of the events leading up to trial, it was up to the court to make "conclusions drawn from objective criteria" and to make those conclusions by "exercising sound judgment with regard to what is right under the circumstances and without doing so arbitrarily or capriciously." *Belless,* ¶ 6, 21 P.3d at 750–51. In our view, the court did just that.

### Motion to Continue

[¶ 23] Father's second issue is whether or not the district court abused its discretion when it denied Father's motion for a continuance after the court rescinded its order allowing telephonic testimony.

[¶ 24] The granting of a continuance is among those matters within the trial judge's discretion:

The trial court has broad discretion in granting or denying a motion for continuance, and absent a manifest abuse of discretion, the reviewing court will not disturb such a ruling. To find an abuse of discretion, the refusal must be so arbitrary as to deny appellant due process, and the burden rests upon appellant to prove actu-

al prejudice and a violation of his rights. Upon review, we look at the peculiar circumstances of the case and the reasons presented to the trial judge at the time of the request. *Abraham v. Great Western Energy, LLC,* 2004 WY 145, ¶ 16, 101 P.3d 446, 454 (Wyo.2004) (citing *Byrd v. Mahaffey,* 2003 WY 137, ¶ 7, 78 P.3d 671, ¶ 7 (Wyo.2003)); also see *Urich v. Fox,* 687 P.2d 893, 894–897 (Wyo.1984) (it is an abuse of discretion to set trial with only five days of notice). Husband relies heavily upon our decision in *Abraham* even though it is not pertinent authority for the proposition he brings before us. In *Abraham,* the district court set a deadline for discovery as a part of its pretrial order, but then held a hearing on a motion for summary judgment before that deadline had passed. We held that that was an abuse of discretion and a denial of due process, especially because Abraham was in the process of conducting important discovery in response to materials submitted with the motion for summary judgment. The circumstances of Husband's case differ markedly from those presented by *Abraham.* We conclude that the district court did not abuse its discretion in denying the motion for continuance.

*Richard v. Richard,* 2007 WY 180, ¶ 6, 170 P.3d 612, 614 (Wyo.2007).

[¶ 25] As indicated previously, this matter had already been pending for quite some time in the district court. In large part, the conflicts in the case were due to Father keeping his son against court order. Regarding the trial date, Father was well aware that it was upcoming and had been granted at least one continuance due to scheduling conflicts. Finally, the record clearly reflects that Father's motion for telephonic testimony was filed only five days prior to trial, while he had been aware of the trial date for almost two months.

[¶ 26] As we stated in *Byrd v. Mahaffey,* 2003 WY 137, ¶ 26, 78 P.3d 671, 678 (Wyo. 2003):

[T]his court has traditionally not favored those who have contributed to delay and caused the need for continuance by their own actions. *See Inskeep v. Inskeep,* 752 P.2d 434, 437 (Wyo.1988); *Urich v. Fox,* 687 P.2d 893, 894 (Wyo.1984); *Sharp v. Sharp,* 671 P.2d 317, 319 (Wyo.1983); *Cates v. Eddy,* 669 P.2d at 916; *Teton v. Teton,* 933 P.2d 1130, 1132 (Wyo.1997). In *Sharp,* at 319 (footnote omitted), we stated:

A continuance will be granted only upon good cause and a court will deny a continuance where the problem which gives rise to the request is the fault of the movant. We said as much in *Craver v. Craver,* [601 P.2d 999 (Wyo.1979)] at 1000, where it was held:

... that the trial court may deny a continuance if the problem which gives rise to the request for a continuance is the fault of the party moving for the continuance.

### Keeping the Record Open

[¶ 27] Father's third and final argument is that the trial court abused its discretion by refusing to keep the record open in order for Father to submit deposition testimony from the witnesses who were not allowed to testify by telephone. This issue is presented in a single paragraph without cogent argument or citation to pertinent authority. Our rules of appellate procedure require that arguments be supported with "citations to the authorities, statutes and parts of the record relied on." W.R.A.P. 7.01(f)(1). "We have consistently refused to address claims not supported by cogent argument or citation to pertinent authority whether a pro se litigant or counsel files the brief." *Odegard v. Odegard,* 2003 WY 67, ¶ 29, 69 P.3d 917, 925 (Wyo.2003). Because Father failed to comply with our appellate rules, we will not consider this issue.

### CONCLUSION

[¶ 28] We conclude that the district court did not abuse its discretion in rescinding the order to allow witnesses to testify telephonically, or by denying Father's *Motion to Continue.* Finally, we do not give substantive consideration to Father's subsequent request to keep the record open in order for him to submit deposition testimony from the wit-

nesses who were not allowed to testify by telephone, because it was not supported by cogent argument or pertinent authority. Affirmed.