# IN THE SUPREME COURT, STATE OF WYOMING

## 2020 WY 2

OCTOBER TERM, A.D. 2019

January 7, 2020

ROBIN L. BACUS,

Appellant
(Petitioner),

v.

S-19-0131

ADAM B. COON,

Appellee
(Respondent).

*Appeal from the District Court of Natrona County*
*The Honorable Kerri M. Johnson, Judge*

*Representing Appellant:*
> Jeffery T. Van Fleet, Brown & Hiser LLC, Laramie, Wyoming.

*Representing Appellee:*
> Cindi Wood, CWLS, Casper, Wyoming; Jacob Dunn, Law Office of Jon Huss, Casper, Wyoming.

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**GRAY, Justice.**

[¶1]   Robin Bacus (Mother) appeals the district court's *Order Modifying Custody, Support and Visitation* awarding primary physical custody of the minor child to Adam Coon (Father). After Mother's attorney was suspended from the practice of law, the district court denied three separate pro se motions for continuance of trial. We affirm.

*ISSUE*

[¶2]   Did the district court abuse its discretion in denying a continuance of trial?

*FACTS*

[¶3]   Mother and Father have one child. In 2010, they negotiated an agreement for custody, visitation and support which was incorporated into an *Order for Paternity, Custody, Visitation, and Child Support* (Order) dated February 9, 2010. Mother was awarded primary physical custody subject to visitation by Father. Father was ordered to pay child support. This Order controlled until 2018 when Mother petitioned for a modification of support, and Father filed a counter-petition for a modification of custody and visitation. On November 27, 2018, the district court issued a *Notice of Setting* apprising the parties that trial was set for March 7, 2019. No other pleadings or filings were made until February 5, 2019.

[¶4]   In a separate proceeding, Mother's attorney was suspended from practicing law effective December 14, 2018. *Bd. of Prof'l Responsibility, Wyoming State Bar v. Crawford-Fink*, 2018 WY 130, 430 P.3d 323 (Wyo. 2018). While it is not clear from the record exactly when Mother was made aware of her attorney's suspension, we take note of an affidavit by Mother's attorney filed with this Court, attesting that notice of the suspension was given to Mother by certified mail on January 15, 2019.[1]

[¶5]   In the matter at hand, Father filed his exhibit and witness list pursuant to W.R.C.P. 26(a)(3) on February 5, 2019. Then, on February 19, Mother filed a pro se motion for continuance—citing as grounds for her motion her attorney's suspension and the unavailability of substitute counsel for the March 7, 2019 trial date. This motion for continuance was set for hearing on March 1, 2019. Mother failed to attend the March 1 hearing. On March 4, she filed a second pro se motion for continuance explaining that she missed the hearing because she had confused the date. By annotation on the face of the second motion, the district court wrote that Mother had failed to appear at the March

---

[1] A court may "take judicial notice of its own records in the case before it or in a case closely related to it." *Hultgren v. State*, 2011 WY 139, ¶ 6, 261 P.3d 753, 754 n.1 (Wyo. 2011) (quoting *State in Interest of C*, 638 P.2d 165, 172 n.10 (Wyo. 1981)); *Wayt v. State*, 912 P.2d 1106, 1109 (Wyo. 1996).

1

hearing and that the continuance was denied. Mother made a third motion for continuance at the March 7, 2019 trial, which the district court also denied.

[¶6] Following trial, the district court found a material change of circumstances and awarded Father primary physical custody of the child subject to visitation by Mother.

## DISCUSSION

[¶7] Mother claims the district court abused its discretion when it denied her a continuance. Rule 201 of the Uniform Rules for District Courts of the State of Wyoming provides "Continuances will be granted only for good cause shown in writing." *See also* Wyo. Stat. Ann. § 1-9-102 (LexisNexis 2019) ("Any court, for good cause shown[,] may continue any action at any stage of the proceedings at the cost of the applicant, to be paid as the court shall direct."). This Court reviews district court decisions to grant or deny continuances for abuse of discretion:

> The trial court has broad discretion in granting or denying a motion for continuance, and absent a manifest abuse of discretion, the reviewing court will not disturb such a ruling. To find an abuse of discretion, the refusal must be so arbitrary as to deny appellant due process, and the burden rests upon appellant to prove actual prejudice and a violation of his rights. Upon review, we look at the peculiar circumstances of the case and the reasons presented to the trial judge at the time of the request.

*Wunsch v. Pickering*, 2008 WY 131, ¶ 15, 195 P.3d 1032, 1039 (Wyo. 2008) (quoting *Richard v. Richard*, 2007 WY 180, ¶ 6, 170 P.3d 612, 614 (Wyo. 2007)).

[¶8] "[I]n civil cases, withdrawal of counsel does not always provide grounds for the granting of a continuance." *Byrd v. Mahaffey*, 2003 WY 137, ¶ 6, 78 P.3d 671, 673 (Wyo. 2003) (citations omitted). Even if a party requests a continuance based on the withdrawal of counsel, "[a] party moving for a continuance must show good cause for doing so." *Shanor v. Eng'g, Inc. of Wyoming*, 705 P.2d 858, 861 (Wyo. 1985). *See also Cates v. Eddy*, 669 P.2d 912, 916 (Wyo. 1983) (upholding denial of continuance and citing factors of fault of movant as well as length of time the matter had been before trial court when trial had been pending for one year).

[¶9] The record of the proceedings illustrates the peculiar circumstances of this case. *See Wunsch*, ¶ 15, 195 P.3d at 1039. The parties were notified of the trial date in November 2018. Mother was notified of her attorney's suspension by certified letter

2

*mailed* on January 15, 2019.[2] On February 19, 2019, Mother filed her first pro se motion for continuance based on the suspension of her attorney and her inability to obtain different counsel in time for the March 7, 2019 trial. Mother failed to attend the March 1, 2019 hearing to support her motion. Her second motion for continuance explained that she missed the first hearing because she had confused the dates. At trial, the court found Mother's oral motion to continue did not provide sufficient cause for her failure to appear at the hearing scheduled on her first motion. The district court has broad discretion to grant or deny a continuance.

[¶10] Mother does not challenge the district court's resolution of her case or make the requisite showing that the failure to grant a continuance denied her due process. Mother's failure to attend the hearing on her first motion for continuance was fatal to her claim. We find no abuse of discretion in the trial court's finding that Mother's failure to appear at the hearing she requested was sufficient reason to deny her motion for continuance.

## *CONCLUSION*

[¶11] The district court did not abuse its discretion when it denied Mother's motions for continuance.

---

[2] We recognize Mother's attorney did not timely notify Mother of her suspension. Ms. Crawford-Fink was suspended effective December 14, 2018, by order entered on November 28, 2018. Ms. Crawford-Fink was to notify her clients in pending litigation promptly of her suspension. *See also* Wyoming Rules of Disciplinary Procedure Rule 21, Required Action After Disbarment, Suspension or Transfer to Disability Inactive Status mandating prompt notice and requiring an affidavit of compliance to be filed within fourteen days after the effective date of the order of suspension. We are deeply troubled by Ms. Crawford-Fink's role in this matter, but we do not reach these concerns because Mother did not attend the hearing set on her first motion for continuance to present her dilemma to the district court.